## SMITH *v.* BOARD COUNTY COM'RS SKAGIT COUNTY.

*(Circuit Court, D. Washington, N. D. March 13, 1891.)*

1. MUNICIPALITY—INCORPORATION—CONTESTED ELECTION—NON-RESIDENT.

The non-resident owner of property within the limits of a proposed corporation, though not an elector, and not entitled to contest the election in the manner provided by statute, may maintain a bill to restrain the county commissioners from canvassing the returns of an election held under certain statutes of Washington, for the purpose of effecting the incorporation, on the ground that it was void because of a failure to comply with the statute.

2. SAME—CENSUS.

Where a statute providing for an election by the inhabitants within the boundaries of a proposed municipal corporation, at which the question of incorporation shall be submitted to the people, fails to provide for any census or enumeration of the people preliminary to such proceedings, a failure to make such enumeration will not affect the validity of the election, where it appears that the board of county commissioners made a record in their proceedings declaring the number of inhabitants.

3. SAME—NOTICE OF ELECTION.

A notice of such election, signed by the county auditor, who is *ex officio* clerk of the board of commissioners, and in which it appears that the election was ordered by the board, is a sufficient compliance with the provision of the statute that such notice shall be given by the board of commissioners.

**4. SAME.**

 Though the statute requires that the notice shall state the number of inhabitants within the boundaries of the proposed corporation as ascertained by the board of commissioners, a failure to do so is a mere irregularity, which cannot prejudice a non-resident property owner, and will not affect the validity of the election.

**5. SAME—BOUNDARIES.**

 In the absence of any statutory restriction as to the boundaries of cities of the class to which the corporation in question belonged, it was entirely proper that its jurisdiction and limits should be extended over its harbor, and navigable water in front of it.

**6. SAME—REGISTRATION OF VOTERS.**

 Under a statute requiring a registration of voters prior to all general and municipal elections, in all cities and towns, and those precincts having a voting population of 250 or more, such registration is essential to the right to vote, and an election at which the question whether the city should be incorporated or not was submitted, but before which no such registration was had, is invalid, and the proceedings for incorporation will be restrained until the question can be properly submitted.

In Equity. Bill for injunction.

*J. C. Haines, Eben Smith, W. Lair Hill,* and *Battle & Shipley,* for plaintiff.

*Prewett & Megquire* and *Seymour E. Jones,* for defendant.

HANFORD, J. This case has been heard upon the plaintiff's application for an order to restrain the board of county commissioners of Skagit county, in this state, until a final hearing can be had, from canvassing the returns of an election which has been held for the purpose of effecting the incorporation of the city of Anacortes, under a general law of the state providing for the incorporation of towns and cities, and from making a certificate pursuant to said statute, declaring the result of said election and the legal incorporation of said city, and which, if made, will show *prima facie* the legal right of the several persons elected as officers of said city to exercise the powers appertaining to the officers of a municipal government. The plaintiff contends that the election was irregular and void, and that no lawful municipal government can come into existence by means thereof, because: (1) The board of county commissioners of the county did not, prior to ordering said election, adopt any means for ascertaining the number of inhabitants residing within the boundaries of the proposed city; (2) the notice pursuant to which the election was held was issued by the county auditor, and did not purport to have been issued by the board of county commissioners; (3) said notice did not state the number of inhabitants of the proposed city, as ascertained by the board; (4) the boundaries include in part the harbor and navigable waters in front of the proposed city; (5) the law in regard to the registration of voters has not been complied with, and none of the persons who voted at said election were registered as legal voters of the precinct or precincts within which the site of the proposed city is situated. The plaintiff, who is a non-resident of the county, owns valuable land within the limits of the proposed city, and fronting upon its harbor, which will be subject to taxation and assessment for municipal and street improvement purposes, and to the control and uses which a municipal government may exercise and make of such

property. He alleges that, by reason of his ownership of said land, he will be especially injured by the unlawful exercise of the governmental powers, which by the laws of this state appertain to an incorporated city. The particular provisions of the statutes which affect the several questions at issue are as follows:

"An act providing for the organization, classification, incorporation, and government of municipal corporations, and declaring an emergency.

"Section 1. Any portion of a county containing not less than three hundred inhabitants, and not incorporated as a municipal corporation, may become incorporated under the provisions of this act, and, when so incorporated, shall have the powers conferred, or that may be hereafter conferred, by law upon municipal corporations of the class to which the same may belong.

"Sec. 2. A petition shall first be presented to the board of county commissioners of such county, signed by at least sixty qualified electors of the county, residents within the limits of such proposed corporation, which petition shall set forth and particularly describe the proposed boundaries of such corporation, and state the number of inhabitants therein as nearly as may be, and shall pray that the same may be incorporated under the provisions of th,s act. \* \* \* When such petition is presented, the board of county commissioners shall hear the same, and may adjourn such hearing from time to time, not exceeding two months in all; and on the final hearing shall make such changes in the proposed boundaries as they may find to be proper, and shall establish and define such boundaries, and shall ascertain and determine how many inhabitants reside within such boundaries: provided, that any changes made by said board of county commissioners shall not include any territory outside the boundaries described in such petition. They shall then give notice of an election to be held in such proposed corporation, for the purpose of determining whether the same shall become incorporated. Such notice shall particularly describe the boundaries so established, and shall state the name of such proposed corporation, and the number of inhabitants so ascertained to reside therein, and the same shall be published for at least two weeks prior to such election, in a newspaper printed and published within such boundaries, or posted, for the same period, in at least four public places therein. Such notice shall require the voters to cast ballots, which shall contain the words, 'For incorporation,' or 'Against corporation,' or words equivalent thereto, and also the names of the persons voted for to fill the various elective municipal offices prescribed by law for municipal corporations of the class to which such proposed corporation will belong.

"Sec. 3. Such election shall be conducted in accordance with the general election laws of the state, and no person shall be entitled to vote thereat unless he shall be a qualified elector of the county, and shall have resided within the limits of such proposed corporation for at least thirty days next preceding such election. The board of county commissioners shall meet on the Monday next succeeding such election and proceed to canvass the votes cast thereat; and if upon such canvass it appear that a majority of the votes are for incorporation, the board shall, by an order entered upon their minutes, declare such territory duly incorporated as a municipal corporation of the class to which the same shall belong, under the name and style of the city (or town, as the case may be) of ———, (naming it,) and shall declare the persons receiving, respectively, the highest number of votes for such several offices to be duly elected to such offices. Said board shall cause a copy of such order, duly certified to be filed in the office of the secretary of the state; and from and after the date of such filing such incorporation shall be deemed complete, and such officers shall be entitled to enter immediately upon the duties of their respective offices, upon qualifying in accordance with law, and shall

hold such offices, respectively, only until the next general munipical election to be held in such city or town, and until their successors are elected and qualified."

"An act to provide for and to regulate the registration of voters in cities and towns, and in precincts having a voting population of two hundred and fifty (250) or more.

"Section 1. In all cities and towns, and all voting precincts, having a voting population of two hundred and fifty (250) or more, who are entitled to the right of suffrage, as shown by the number of votes cast at the preceding general election, there shall be a registration of voters prior to all general and municipal elections, as herein provided."

"Sec. 4. It shall be the duty of all citizens of such city, town, or voting precinct, after the opening of the books, as herein provided, to apply to the city or town clerk, or officer of registration, and be registered therein, at such times or time as said books shall be opened for that purpose, as provided in this act; and such registration, when made as in this act provided, shall entitle such citizens to vote in their respective wards and precincts. If such citizens are otherwise legally qualified voters at such election, and have so caused themselves to be registered, such registration shall be *prima facie* evidence of the right of such citizens to vote at any election held in such city, town, or precinct subsequent to such registration, and preceding the first Monday of January next thereafter."

"Sec. 9. No person shall be entitled to vote at any election in any such city, town, or precinct who is not registered according to the provisions of this act."

The plaintiff, being a non-resident, and not an elector within the county of Skagit, is not entitled to the privilege which an elector would have of contesting the election in the manner provided by the statutes. If the organization of a *de facto* municipal corporation becomes perfected, his property will be subjected to the control of others, and to that extent he will be deprived of dominion over it, and subjected to expense by taxation and otherwise, and even if the proceedings to incorporate the city be so tainted with illegality that, upon proper proceedings in *quo warranto* being instituted by the state, the courts would be obliged to adjudge the organization unlawful, and annul all of its corporate acts, yet the plaintiff may be obliged to submit to the rule of such an unstable government until the state officials see fit to exercise their prerogatives; and unless he is entitled to wage this suit in equity he has no remedy for any wrong that may be done respecting his property, within the limits of the corporation, by means of such unlawful proceedings. While no case that may be regarded exactly as a precedent has been brought to my attention to sustain the plaintiff's right to the relief sought in this suit, it is equally true that no case in point denying such right has been cited. The plaintiff is not attempting to contest the election with the object of having the result declared to be different from what others contend to be the true result. He claims that the election is void, and asks for protection against injuries which may reasonably be expected to result from official recognition of the election as if it were valid; and upon principle it appears to me that the facts alleged in the plaintiff's bill bring the case clearly within the well-established rules of equity by which such relief is always granted. There are several grounds

upon which equitable jurisdiction may be invoked, one of which is that the plaintiff shows that he will suffer injury of a pecuniary nature by the doing of the threatened acts, and that no computation can be made of the resulting damages. Upon this ground I shall rest my decision, holding that the plaintiff is entitled to the restraining order prayed for if in fact the election was not lawful.

I have been especially urged to pass upon all the grounds of illegality in the proceedings alleged by the plaintiff, and will do so in order as above.

As to the first objection, I hold that as the statute under consideration does not specifically require that the inhabitants within the district proposed to be incorporated shall be enumerated expressly for the purpose of enabling the board of county commissioners to ascertain the number thereof before ordering an election, such enumeration is not necessary. In other words, as the statute does not say that a census must be taken, the court cannot say so. The law does require the board of county commissioners to ascertain the number of people within the limits to be incorporated by any prescribed method, but leaves the board free to ascertain the number in any manner possible. The plaintiff's bill shows that the board of county commissioners have made a record in their proceedings declaring the number of inhabitants to be 2,000, and, notwithstanding the plaintiff's allegation that the board took no steps to ascertain the number of people, I think it conclusively appears that means which to the board seemed sufficient and proper must have been made use of to obtain the requisite information, and I therefore decide this point against the plaintiff.

The notice for the election was signed by the county auditor of Skagit county. That officer is *ex officio* clerk of the board of county commissioners, and the proper person to act for the board in issuing such a notice. In the body of the notice it plainly and sufficiently appears that the election was ordered by the board of county commissioners, and consequently that the notice itself was in fact issued by the board as the law requires, and I therefore hold against the plaintiff as to this second objection.

The law specifically requires that the notice shall state the number of inhabitants ascertained by the board to reside within the boundaries of the proposed corporation, and, as the notice in question does not contain such statement, it fails to comply with the law, and the proceedings are on this account irregular. I consider, however, that it is a mere irregularity, and in a point not vital. I do not believe that any court would, on this ground, adjudge that the corporation, if its organization should be completed, would be invalid. I do not see that the plaintiff can be prejudiced by such irregularity, and I therefore decide this point against him.

It is essential to the maintenance of an efficient city government that its police power and jurisdiction should extend over its harbor, if it has a harbor, and in the argument before me the fourth objection urged was not supported by the citation of any statute or adjudged case. The stat-

ute places no limit upon the power and discretion of the board of county commissioners in fixing the boundaries of cities of the class to which Anacortes properly belongs, and I certainly consider that the legislature must have contemplated that the boundaries of such a city would, in all probability, be so fixed as to include its harbor; and, in my opinion, the proceedings are not invalid because the boundaries were so fixed.

The last objection is more serious. The question whether to incorporate or not must be determined, under this law, by the votes of the qualified electors residing within the boundaries of the proposed city. From the number of the inhabitants within the district proposed to be incorporated in this city it appears that there was necessarily within the same district a voting population exceeding 250, and it was necessary, therefore, under the laws of this state, that the voters of the precinct embracing such district should be registered, and registration is essential to the right to vote. I think that as, by the terms of the statute, only qualified electors are entitled to vote at an election to determine whether a city shall be incorporated, where the registration law has been disregarded, as it plainly has in this case, the election is an absolute nullity. McCrary, Elect. (3d Ed.) § 100. This author says: "It being conceded that the power to enact a registry law is within the power to regulate the exercise of the elective franchise and preserve the purity of the ballot, it follows that an election held in disregard of the provisions of a registry law must be held void." In my opinion, a valid election is a necessary prerequisite to the creation of a valid municipal corporation under the laws of this state, and, as the election referred to in the plaintiff's bill is, for the reasons I have stated, invalid, proceedings to complete the incorporation of the city of Anacortes ought to cease until the question whether or not to assume the powers and burdens of an incorporated city, under the laws of this state, can be determined by a vote of the legally qualified electors thereof. In accordance with this opinion, the plaintiff's application for a temporary restraining order will be granted.