No. 20,538.

THE CITY OF PERRY, *Plaintiff*, v. W. E. DAVIS, as State Auditor,
etc., *Defendant*.

### SYLLABUS BY THE COURT.

CITY BONDS—*Defective Notice of City Election—Not Fatal to Validity
of Bonds.* Under a statute requiring a notice of an election, to vote on
a proposal to issue city bonds, to be signed by the mayor and city
clerk, and published, the mere fact that the publication through in-
advertence omits the signature of the mayor is not sufficient to in-
validate the election or bonds issued thereunder, where an ordinance
calling the election covered all the details required to be stated in the
notice, and those who voted for the bonds constituted a majority of
all the qualified electors of the city.

Original proceedings in mandamus. Opinion filed February
12, 1916. Writ allowed.

*George P. Hayden,* and *R. F. Hayden,* both of Topeka, for
the plaintiff.
*S. M. Brewster,* attorney-general, for the defendant.

The opinion of the court was delivered by

MASON, J.: The city of Perry executed bonds for the en-
largement of a municipal electric-light plant, which it pre-
sented to the state auditor for registration. The auditor re-
fused to register them by reason of a doubt concerning their
validity. To determine the question the city brings man-
damus to require their registration. The facts are agreed to,
and the case turns upon the sufficiency of the published notice
of the holding of the election to vote upon the question of issu-
ing the bonds, the proceedings in all other respects being en-
tirely regular.

The statute requires such a notice to be signed by the mayor
and city clerk, and to be published in a newspaper for three
weeks. (Gen. Stat. 1909, § 745.) Here a notice in proper
form was prepared, signed by both the officers named, and
given to the printer for publication. But through inadvert-
ence it was published with only the signature of the clerk
atta hed, that of the mayor being omitted. In this respect

24—97 KAN.

only was there any failure to comply strictly with the requirements of the statute. The matter that was published gave to the electors of the city all the information concerning the election that would have been afforded if the law had been followed with literal exactness. The signature of the mayor could have added nothing to its force except by way of attesting its authenticity, and that was doubtless shown sufficiently for all practical purposes by the city clerk's signature. It is possible that some well-informed elector, who knew the law required both names to be printed, might have discredited the notice by reason of its not appearing to have been signed by the mayor. That remote possibility is offset by two considerations which were mentioned in *Chanute v. Davis,* 85 Kan. 188, 116 Pac. 367, as worthy of consideration in determining the consequences of a defective notice. Here an ordinance had been passed calling the election, and fixing the time and place of holding it, which covered the details required to be stated in the notice. As suggested in the case cited, the ordinance may perhaps be given the force of a public law, rendering applicable the rule that a failure to give the required notice does not invalidate an election if the time and manner of holding it are fixed by statute. Moreover, it is shown that those who voted for the bonds constituted not only a majority of those participating in the election, but a majority of all who were entitled to vote thereat. The notice was not the means by which the election was called—its purpose was merely to give additional publicity to what had already been determined and announced. And if all the electors who remained away from the polls had appeared and voted against the bonds the result of the election would not have been changed. In view of all the circumstances we think it clear that the irregularity in the form of the published notice was not so serious as to affect the validity of the bonds. This conclusion is well within the accepted rules. (See 10 A. & E. Encycl. of L. 630; Note, 18 Ann. Cas. 1141; 1 Dillon on Municipal Corporations, 5th ed., § 374; *Backus v. City,* 123 Minn. 48, 142 N. W. 1042; *Briggs v. Raleigh,* 166 N. Car. 149, 81 S. E. 1084; *State. ex rel. Mullen, v. Doherty,* 16 Wash. 382, 47 Pac. 598; *Smith v. Board County Comr's Skagit County,* 45 Fed. 725.)

The writ is allowed.