THE STATE OF KANSAS, ex rel. Fred S. Jackson, as At-
torney-general, v. W. E. BENTLEY et al.

No. 16,230.

SYLLABUS BY THE COURT.

1. NOTICE—Establishment of a High School—Statutory Provi-
sions Mandatory. The statute providing for a high school in
Gove county (Laws 1903, ch. 445) directed the county commis-
sioners at their first regular session after the passage of the
act to publish a notice for six weeks that they would consider
a petition for the establishment of such school. No action
was taken by the board until July 11, 1903, when it considered
the petition and made an order that the school be established.
A notice signed by the chairman of the board and the county
clerk had, however, been published for seven weeks prior to
such meeting, but only five weeks after June 1, the date when
the statute took effect by publication. Held, that the publica-
tion of the notice as required by law for six weeks after the
act took effect was a condition precedent to the establish-
ment of such school, without which it could not be legally
established.

2. ——— Same. Until the act took effect the commissioners had
no more power to give the notice than to make the final order,
and the words "the passage of this act," in section 3 of the
statute, relate to the time that it should take effect.

Original proceeding in quo warranto. Opinion filed
May 8, 1909. Judgment for the plaintiff.

Fred S. Jackson, attorney-general, for The State;
A. D. Gilkeson, Lee Monroe, and George A. Kline, of
counsel.

John S. Dawson, for the defendants.

The opinion of the court was delivered by

BENSON, J.: This is an action to oust the defendants
from exercising the duties of trustees of a county high
school in Gove county. The defendants claim to exer-
cise their powers by virtue of proceedings taken under
the following statute:

"AN ACT establishing a county high school in Gove county, Kan-

sas, and providing for the maintenance and support of such high school.

"*Be it enacted by the Legislature of the State of Kansas:*

"SECTION 1. Whenever there shall be presented to the board of county commissioners of Gove county a petition praying for the establishment of a county high school, signed by a majority of the legal voters of said county, as shown by the votes cast for county superintendent at the last preceding election for that office, duly certified by the township trustees from the several townships where said petitioners reside that the petitioners are actual residents of the township and voters at the time the certificate is made by the trustee, such board of county commissioners shall at their next regular session make an order establishing a county high school at Gove City, in said county, and shall forthwith appoint a board of trustees for the same, in accordance with the provisions of the general statutes providing for the appointment of such trustees.

"SEC. 2. The petition such as described in section 1 of this act shall state that the petitioners are legal voters of said county, and that this petition is to be construed and accepted by the board of county commissioners the same as a vote for the proposition, and that this petition and vote is for the establishment of a high school as provided by this act (naming it by its title).

"SEC. 3. That the board of county commissioners of Gove county shall, at the first regular session after the passage of this act, publish a notice in the official paper of said county for a period of six weeks that they will consider a petition for the establishment of a county high school at Gove City, in Gove county, Kansas, at its next regular session, as provided by this act; but if there be no petition presented as provided in this act pursuant of said published notice, then the county commissioners shall at the next regular session issue a second notice for the consideration of establishing a county high school at Gove City, in Gove county. But no petition shall be considered if protest against the establishment of a county high school, signed by forty-five per cent. of the voters, as shown by the preceding election, and filed with the county clerk at least twenty days before the regular session which said board of county commissioners designated to consider the proposition, as specified in said notice." (Laws 1903, ch. 445.)

Sections 4, 5 and 6 of the act prescribe the powers and duties of the trustees. Section 7 is as follows: "This act shall be in force and take effect from and after its publication in the statute-book."

This act was approved February 20, 1903, and took effect June 1. It was Senate bill No. 414.

After the passage of the act, but before its publication, petitions for the establishment of such high school were circulated. A notice that the board of county commissioners would at their next regular meeting in July consider a petition for the establishment of a county high school, as provided in Senate bill No. 414, Laws of 1903, was published seven successive weeks, two of which publications were made before June 1, and five afterward. No order of the board for such publication was made, but the notice was signed by the chairman of the board and attested by the county clerk. The first action taken by the board upon this matter was at the regular session held on July 11, 1903, when an order was made reciting that a petition had been presented as provided in the act, signed by 384 voters, being a majority of the votes cast for county superintendent at the last election, and declaring that by virtue of said act "a county high school be and hereby is established at the city of Gove City" and appointing trustees for such school.

The state contends that the statute is unconstitutional because it confers legislative powers upon the petitioners. (*Comm'rs of Wyandotte Co. v. Abbott,* 52 Kan. 148; *Hovey v. Comm'rs of Wyandotte Co.,* 56 Kan. 577; *Hutchinson v. Leimbach,* 68 Kan. 37; *Railroad Co. v. Abilene,* 78 Kan. 820.) The defendants deny the application of the doctrine of the cases cited, and insist that the act is valid.

The state further contends that, conceding the validity of the statute, its provisions were not complied with, because (1) no notice was ever given by the board—the action of the chairman and the clerk being

insufficient; (2) the notice was not published for the time required after the act took effect; and (3) the petitions were insufficient in form, were not certified as the statute required, and were prematurely filed. It is manifest that the notice prescribed by the statute was a condition precedent to any order to be made establishing the school. In the absence of the authority conferred by this statute the power to establish this school did not exist in the county board. The legislature might give such power or withhold it, and hence could prescribe the conditions upon which it should be exercised. One condition was that a notice by the board should be published for six weeks. The importance of observing the conditions prescribed by law where the power of taxation is to be exercised was forcibly stated by Mr. Justice Brewer in *Lewis v. Comm'rs of Bourbon County,* 12 Kan. 186. Possibly some of the particulars relating to the form and certification of the petitions should be held to have been determined by the finding of the commissioners and were not subject to review in this action. This we do not decide. But their authority to make any finding or take any action toward establishing the school depended upon the notice.

"Where a statute confers a new right, privilege or immunity the grant is strictly construed, and the mode prescribed for its acquisition, preservation, enforcement and enjoyment is mandatory."

"Where a statutory power or jurisdiction is granted, which otherwise does not exist, whether to a court or an officer; and in all cases where, by the exercise of such a power, one may be devested of his property, the grant is strictly construed; the mode of proceeding prescribed must be strictly pursued; the provisions regulating the procedure are mandatory as to the essence of the thing required to be done." (2 Lewis' Suther. Stat. Const., 2d ed., §§ 632, 627.)

In reviewing the proceeding establishing a high school in pursuance of a vote taken at a special election it was held that the failure to publish notice of the

special election as required by law was fatal. In the opinion it was stated:

"This court has always held that the particular manner provided by statute for giving notice of a special election must be strictly pursued." (*The State, ex rel., v. Echols,* 41 Kan. 1, 5.)

A notice as required by statute is necessary to give to county commissioners the authority to lay out a highway. (*Comm'rs of Chase Co. v. Cartter,* 30 Kan. 581; *Bourbon County v. Ralston,* 79 Kan. 432.) And generally the statutory requirements relating to the giving of notice before proceeding to exercise a special power must be complied with or the act is void. (*Gossard v. Vaught,* 10 Kan. 162; *George v. Oxford Township,* 16 Kan. 72.)

"Statutory requisitions are deemed directory only when they relate to some immaterial matter, where a compliance is a matter of convenience rather than of substance." (*The People v. Schermerhorn,* 19 Barb. [N. Y.] 540, 558.)

(See, also, *Jones v. The State of Kansas ex rel. Atherby and Kingsbury,* 1 Kan. 273, 280.)

The importance of the notice of this proceeding is made more apparent in this statute by the provision that the petition should not be considered if a protest of 45 per cent. of the voters was filed twenty days before the session designated to consider the proposition. By publishing this notice for only five weeks after the act took effect the time thus allowed for remonstrance was abridged, unless we hold that the voters were bound to take notice of a publication made before any authority to make it existed. The words "passage of this act," contained in section 3, must be construed as the time when it should take effect. (1 Lewis' Suther. Stat. Const., 2d ed., § 183; Cooley's Const. Lim., 7th ed., pp. 223, 224; *Comm'rs of Miami Co. v. Hiner,* 54 Kan. 334.) Until the act took effect the commissioners had no more power to give the notice than to make the

final order. Where a county was prohibited from issuing bonds for one year after its organization it was held that the commissioners had no authority to order an election within that time. (*The State, ex rel., v. Comm'rs of Haskell Co.*, 40 Kan. 65.)

As the conditions of the law with respect to notice were not complied with the school was not legally established. We need not consider the constitutional question, nor the other objections urged against the statute.

Judgment will be entered for the plaintiff as prayed for.