A. W. RICE et al., Plaintiffs, v. N. B. ROBSON et al., Defendants.

No. 17,180.

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—Commission Form of Government. Before the commission form of government provided for by chapter 82 of the Laws of 1909 can be applied in a city of the second class it must be adopted at an election held pursuant to a notice as prescribed in section 36 of the act.

2. ——— Elections—Notice. Where the last publication of the notice of a city election to adopt the commission form of government in a city of the second class was only five days before the date fixed for the election, and less than a majority of the registered voters voted upon the proposition, the commission form of government was not adopted, although a majority of the votes cast were in favor of the proposition and the vote was canvassed and the result declared accordingly.

3. OFFICE AND OFFICERS—Mandamus. The councilmen of a city will not be compelled by mandamus to canvass votes for persons to fill offices which do not exist.

Original proceeding in mandamus. Opinion filed October 8, 1910. Writ denied.

G. W. Hurd, and C. S. Crawford, for the plaintiffs.

O. L. Moore, H. L. Humphrey, and S. S. Smith, for the defendants.

The opinion of the court was delivered by

BENSON, J.: This is an action to compel the canvass of votes cast for mayor and commissioners at a special election in the city of Abilene.

In October, 1909, a petition was presented to the city council requesting that a special election should be called to vote upon a proposition to adopt the commission form of government for the city. The petition was found to be sufficient, and an ordinance was passed calling an election as prayed for, to be held on March 1, 1910, and directing the mayor and the clerk to give notice thereof by publication in the official paper for three consecutive weeks. Such notice was given, but the publication was made on the 10th, 17th and 24th days of February, so that the last publication was made less than twenty days before the election. In other respects the proceedings were according to the statute. (Laws 1909, ch. 82, Gen. Stat. 1909, § 1473 *et seq.*) Returns of the election were made and the council canvassed the vote and declared that the proposition had been carried. The canvass showed 441 votes for, and 112 against, the proposition. The registry of voters contained 1544 names. A. W. Rice, one of the plaintiffs, was mayor and the defendants were councilmen of the city during all these proceedings, and are still acting as such officers. The mayor was elected in April, 1909.

Acting upon the supposition that the commission form of government had been adopted, the mayor by proclamation gave notice of the annual election to be held in April, 1910, stating that a mayor and two commissioners were to be elected. The election was held accordingly. All the votes cast were for A. W. Rice for mayor, and for L. H. Kump and J. K. Forney for commissioners. The councilmen were prevented from canvassing the votes cast at the election last mentioned by a restraining order issued by the district court, in an action brought by the state on the relation of the county attorney, but on June 3, 1910, the order was set aside. The council then refused to proceed with the canvass of the vote for mayor and commissioners, and this action was commenced to compel it to do so. The defendants

plead as cause for such refusal that the election of March 1, 1910, was void because of insufficient notice, and that the commission form of government was never adopted. Other reasons are assigned, but they need not be considered.

The act provides that upon the presentation of a petition of forty per cent of the voters of a city of the second class the mayor and council shall pass an ordinance calling an election for such purpose, and also provides that "the notice of such elections shall state that the election is called in order to submit this act for adoption, and shall be signed by the mayor and attested by the city clerk, and shall be published in the official city paper once each week for at least three weeks. The last publication of said notice shall be at least twenty days prior to the day fixed for such election." (Laws 1909, ch. 82, § 36, Gen. Stat. 1909, § 1508.)

It will be observed that only five days intervened between the date of the last publication of the notice and the day of the election, instead of twenty days, as the law explicitly requires. No authority existed for changing the scheme of government other than that given by the statute, which declares that before the act shall apply to any city the proposition shall be submitted to a vote, in the manner prescribed, including the foregoing provisions relating to notice. The importance of giving the particular notice of a special election, the date of which is not fixed by the law but is left to local officers, is stated in *The State, ex rel., v. Echols*, 41 Kan. 1, where it was said:

"In such cases the electors depend upon the notice required to be given, and not upon any knowledge derived from the law itself; and hence the right to hold such election at a specified time is the notice prescribed by the statute. It is therefore a mandatory provision, and the courts generally hold it to be essential that the prescribed manner shall be followed in order to give validity to the election. This court has always held that the particular manner provided by

statute for giving notice of a special election must be strictly pursued." (p. 5.)

The Echols case was followed in *The State v. Bentley,* 80 Kan. 227.

It has been said that when there is a general participation of voters in an election held at a time and place fixed by law the want of the particular notice directed by a statute does not make the election void. (McCray on Elections, 4th ed., § 179.) If this principle could apply to a special election under this statute in any case, it is manifest that it can not be applied here, where much less than half the electors of the city voted upon the proposition.

It is contended that the council could not decide upon the validity of the election, their only duty being to canvass the vote and declare the result. It is true that the duties of a canvassing board are ministerial, and that it can not reject returns that are regular in form on the ground that illegal votes had been cast or other frauds or irregularities practiced at the election. (*Brown v. Jeffries,* 42 Kan. 605.) Still, before a canvass should be compelled an election should be held by authority of law, and there should be offices to fill. (*Matthews v. Comm'rs of Shawnee Co.,* 34 Kan. 606; *Peters v. Board of State Canvassers,* 17 Kan. 365; *Leavenworth Co. v. The State,* 5 Kan. 688.) In *The State, ex rel., v. Echols,* supra, mandamus was prayed for to compel the canvass of the votes cast upon a proposition to establish a county high school, and it was refused because the election was held void for want of a notice. The court said:

"That the giving of notice substantially in the manner directed by law is a prerequisite of the validity of such an election, and where there is a failure to post notices at any of the polling places, and a large number of the electors of the county fail to vote upon the proposition, the election will be void." (Syllabus.)

The fact that in this case the returns of the void elec-

tion had been canvassed would not make it valid. As the election of March 1, 1910, was ineffectual to adopt the commission form of government, the offices of mayor and commissioners, provided for when such form is adopted, were not created, and therefore there were no such offices to fill at the election in April, 1910. Mandamus should only be allowed to secure or protect a clear legal right, and will not be granted where the writ, if issued, would be fruitless or unavailing. (*Rice v. County Board of Canvassers,* 50 Kan. 149.)

The alternative writ is set aside and a peremptory writ is refused.