THE CITY OF CHANUTE, *Plaintiff*, v. W. E. DAVIS, *as Auditor of the State of Kansas, Defendant.*

No. 17,587.

### SYLLABUS BY THE COURT.

ELECTIONS—*Municipal Bonds—Special Notice—Statutory Provisions Generally Mandatory.* As a general rule, unless the statutory notice be given, a special city election authorizing a bond issue is invalid, and in this case it is held that publicity by other methods is not sufficient to render the failure to publish the prescribed notice for the required time a mere irregularity.

Original proceeding in mandamus. Opinion filed June 10, 1911. Writ denied.

*John W. Lapham, J. L. Hunt, J. W. Gleed,* and *D. E. Palmer,* for the plaintiff.

*John S. Dawson,* attorney-general, for the defendant; *J. M. Nation* and *E. W. Grant,* of counsel.

The opinion of the court was delivered by

BURCH, J.: The plaintiff city asks for a writ of mandamus to compel the defendant, as state auditor, to register certain bonds issued by the city for waterworks purposes. The auditor's refusal to make the registration is based upon the fact that the statutory notice of the election authorizing the bonds was not given. The statute governing the subject reads as follows:

"Whenever the city council of any such city shall desire to procure authority for the issuance of bonds under the terms of this act, they shall pass an ordinance directing the calling of an election for the submission of the question to the electors thereof. Notice for such election shall state the amount of bonds proposed to be issued, the purpose of the issue, and state the polling-place or places at which the election will be held. Said notice shall be signed by the mayor and city clerk, and shall be published in at least one newspaper for three

consecutive weeks.  The first publication of said notice to be at least twenty days prior to the day fixed for such election."  (Laws 1905, ch. 101, § 2, Gen. Stat. 1909, § 745.)

The ordinance directing the mayor to call the election reads as follows:

"That an election be called by the mayor for the purpose of submitting to the voters of the city of Chanute, Kan., the question of issuing bonds to the amount of $75,000 for the purpose of improving the city's waterworks system and extending the same."

The election was called for Saturday, September 17, 1910.  The notice was dated August 17, 1910, and was published in a daily newspaper for ten consecutive days (Sunday excepted) beginning on Wednesday, August 17, and ending on Saturday, August 27.

The parties disagree in their interpretation of the statute, but it is conceded that the statutory notice was not given.  The notice was not published for three weeks nor in three separate weeks.  The plaintiff shows, however, that the subject of issuing waterworks bonds was one of great public interest and agitation from the time the ordinance was passed until the election occurred. The voters and taxpayers discussed it.  It was considered at a public meeting of the commercial club of the city and at a mass meeting of the citizens.  Many columns of the local newspapers were devoted to it from August 17 to September 17, in which the date of the election was frequently given, sometimes in display type.  A majority of the votes cast at the election were in favor of the bonds and the total vote was considerably larger than that cast upon a similar proposition at a previous election held less than a year before pursuant to notice given according to law.  From these facts the plaintiff concludes that the people had full notice in fact of the nature of the proposition and of the time of the election, that the public will upon the subject has been expressed, and consequently that the

failure to give the statutory notice should be treated as an irregularity only and not as a jurisdictional defect.

It may be freely conceded that failure to give notice of an election in the strict manner prescribed by statute is often regarded as an irregularity which does not invalidate the result. This is generally true of elections occurring at times and for purposes fixed by law. The law itself brings the election to the attention of the voter and apprises him of his opportunity to express his desires at the ballot box. If in this case the ordinance directing the election to be called contained the matters essential to a valid statutory notice, perhaps it might be treated as a public law within the principle stated. The question here, however, is whether the court shall recognize a kind of publicity which has no legislative basis whatever upon which to rest in order to support a special election resulting in bonding the city, and thereby adding to the burdens of every taxpayer within its limits. The legislature could not have been unmindful of the fact that proposed measures of this character would be discussed in private, in public, and by the press. Undoubtedly it took for granted the certainty of such publicity. Nevertheless it provided for a specific notice, making a collective statement of all the information necessary for the guidance of a voter, to be published for a definite period of time. The court is not prepared to substitute its judgment for that of the legislature and accept anticipated notoriety as the equivalent of official notice. It is impossible to know in this instance whether the true will of the people of the city has been expressed, because the result of the election is not confided to the court. The number of qualified voters of the city and the number of votes cast for and against the bonds are not disclosed. If, therefore, general participation in an election of this kind may render the matter of legal notice inconsequential, as courts other than this one have sometimes held, the principle can not be invoked here. The failure to

give the statutory notice may have, in effect, deprived a sufficient number of qualified voters of their votes to change the result of the election.

So far this court has uniformly held that statutory notice is essential to the validity of a special election. (*George v. Oxford Township*, 16 Kan. 72; *The State, ex rel., v. Echols*, 41 Kan. 1; *The State v. Bentley*, 80 Kan. 227; *Rice v. Robson*, 83 Kan. 252.)

Since the plaintiff does not show that the instruments presented to the auditor were authorized at an election held according to law, they do not appear to be bonds of the city, and the auditor is not obliged to register them.

The writ is denied.