THE STATE OF KANSAS, ex rel. JOHN H. CONNAUGHTON, as County Attorney, etc., *Plaintiff*, v. M. M. STALEY et al., *Defendants.*

No. 18,997.

SYLLABUS BY THE COURT.

TOWNSHIP HIGH SCHOOL—*Special Election—Notice Required.* Section 2 of chapter 262 of the Laws of 1911, providing for a special election to decide the question of locating and establishing a township high school, voting bonds therefor and electing a township high-school board, requires notice of such election to be posted and also published for at least twenty-one days prior to the election; and a special election held thereunder, the notice of which is published less than twenty-one days prior to the day fixed, is void. ·

Original proceeding in quo warranto. Opinion filed October 11, 1913. Judgment for the plaintiff.

*John H. Connaughton,* and *Charles C. Calkin,* both of Kingman, for the plaintiff.

*George L. Hay,* and *L. F. Walter,* both of Kingman, for the defendants.

The opinion of the court was delivered by

PORTER, J.: By this proceeding the state seeks to oust the defendants from exercising the powers and privileges of the high school board of Eagle township, Kingman county, and contends that the proceedings taken for the establishment of a township high school and the election of a high-school board were so defective as to be wholly void. The case has been submitted upon an agreed statement of facts.

The statute involved is chapter 262 of the Laws of 1911, as amended by chapter 278 of the Laws of 1913. The statute provides that upon the presentation of a petition signed by more than one-third of the legal electors of any township to which the statute applies, the township board shall call a special election to decide

the question of locating and establishing a township high school and the voting of bonds therefor, and also provides for a special election to elect a township high-school board, to consist of a director, clerk and treasurer.

Various objections have been raised to the form of the petition upon which the election was called, but the only serious defect we find in the proceedings is that the notice of the election was insufficient, which in our opinion entitles the plaintiff to a judgment of ouster.

The provision for notice reads:

"All elections held under the provisions of this act shall be governed by the provisions of the general election law of this state where not contrary to this act. Notice of all such elections shall be given at least twenty-one days prior to the day fixed for such election, by posting up printed or typewritten notices on the door of each school house in said township, and publishing the same twice in the official county paper of the county wherein the township is situated, setting forth fully the purposes and objects of such election and the time and place or places where it is to be held." (Laws 1911, ch. 262, § 2.)

It is admitted that the notice was posted upon the door of each schoolhouse in the township more than twenty-one days prior to the. election. The first notice in the newspaper was published on May 9, the election being called for the 27th. This notice, therefore, was first published less than twenty-one days prior to the election. The defendants' contention is that the statute being silent as to when the first and last notice shall be published, the limitation of twenty-one days applies only to the posting of the notices; that usually where the legislature intends that the first or last publication of an election or other notice must be made on or before a certain date, the time is definitely stated in the statute. Thus, in case of service by publication, the notice must give the defendant not less than forty-one days

40—90 KAN.

from the date of the first publication in which to answer. (Civ. Code, § 80.) The notice of a special election for the adoption in cities of the first class of the commission form of government requires that the last publication of the notice shall be at least twenty days prior to the date of the election. (Gen. Stat. 1909, § 1337.) The act authorizing cities of the second or third class to vote refunding bonds provides that if it be a special election the notice shall be published for three consecutive weeks next preceding the election. (Gen. Stat. 1909, § 810.) Other instances cited are the primary election law, which provides that notices shall be posted not more than twenty and not less than ten days before the primary (Laws 1908, ch. 54, § 4, Gen. Stat. 1909, § 3292), and the statute authorizing the incorporation of cities of the third class, which provides that notice shall be published at least one week before the election (Gen. Stat. 1909, § 1511).

The statute declares that "notice of all such elections shall be given at least twenty-one days prior to the day fixed for such election," and in the same sentence provides the manner in which the notice shall be given, namely, "by posting . . . notices on the door of each schoolhouse . . . and publishing the same twice in the official county paper." (Laws 1911, ch. 262, § 2.) We construe the statute to require that notice in both ways be given at least twenty-one days prior to the election. Otherwise it would be possible for the election to be held on the day following the issue of the official paper, the first publication having been made eight days and the last one day preceding the election. Eight days might be reasonable notice for such an election; but manifestly the legislature, while providing that notices must be posted not less than twenty-one days, did not intend that the first published notice might be made within so short a period as eight days prior to the election.

There is a further contention that, in any event, the court should hold the publication to be a substantial compliance with the statute, inasmuch as it sufficiently appears from the admitted facts that the notice as published was fully as efficacious as though twenty-one days had intervened between the first publication and the election. It is shown that an exceptionally large vote was polled, 179 persons out of a possible 211 voting, and the proposition being carried by 31 votes. In support of this contention, authorities are cited to the effect that a general participation of voters in an election held at a time and place fixed by law will cure the want of notice directed by the statute. (See McCrary on Elections, 4th ed., § 179.) It is doubtful if the principle can have any application in the case of a special election. This court has quite uniformly held that a failure to give the notice required by the statute authorizing a special election will render the proceedings void. In none of the decided cases has it ever been held that the number of electors participating or the decisive character of the vote polled affected the validity of a special election, if the notice given failed to comply with the requirements of the statute. (*George v. Oxford Township,* 16 Kan. 72; *The State, ex rel., v. Echols,* 41 Kan. 1, 20 Pac. 523; *The State v. Bentley,* 80 Kan. 227, 101 Pac. 1073; *Rice v. Robson,* 83 Kan. 252, 111 Pac. 186; *Chanute v. Davis,* 85 Kan. 188, 191, 116 Pac. 367.) The proposition carried in this case by 31 votes. Had all the 33 electors who failed to attend voted in the negative, the election would have failed by 2 votes. Aside from this consideration, it is quite clear that the logic of the former decisions of this court would render a special election void for lack of the required notice, without regard to the number of electors participating therein or the decisive character of the vote polled. We can imagine a case where a special election is held, say, with three days' notice, and where every elector votes in the affirmative. In such a case it might well be held

void notwithstanding the decisive character of the vote, on the ground that, in the wisdom of the legislature, a reasonable time for discussion and reflection upon the question submitted required that fifteen days' notice be given prior to the casting of the ballots.

Judgment will be entered for the plaintiff as prayed for.