Fisher v. Davis.

No. 20,872.

J. C. FISHER et al., *Plaintiffs*, v. W. E. DAVIS, as State Auditor, etc., *Defendant*.

SYLLABUS BY THE COURT.

1. SCHOOLS AND SCHOOL DISTRICTS—*Bonds—Rural High School—Second Election—Petition.* Under section 2 of chapter 311 of the Laws of 1915 a second election to vote bonds for the construction of a schoolhouse may be ordered by the board of county commissioners without a new petition, when the first election ordered was invalid for the reason that sufficient notice was not given.

2. OFFICE AND OFFICERS—*State Auditor—Duty to Register Bonds Legally Issued—Appeal Pending.* The auditor of state is not justified in refusing to register bonds issued for the purpose of constructing a schoolhouse, where the bonds have been legally issued, although there may be pending in the supreme court an appeal from a judgment refusing to enjoin the issuance of the bonds.

Original proceeding in mandamus. Opinion filed July 13, 1916. Writ allowed.

*F. L. Martin,* of Hutchinson, and *Ray H. Beals,* of St. John, for the plaintiffs.

*S. M. Brewster,* attorney-general, for the defendant.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiffs seek to compel the defendant to register certain rural high-school district bonds. The cause is submitted on an agreed statement of facts. From this statement it appears that on a proper peti-. tion a rural high-school district was organized in Stafford county and an election was called for the purpose of. voting bonds for the construction of a high-school building. The proceedings were had under chapter 311 of the Laws of 1915. At the election the proposition to vote the bonds carried. The notice of the election proved fatally defective under *The State, ex rel., v. Staley,* 90 Kan. 624, 135 Pac. 602, and *School District v. Davis,* ante, p. 200, 157 Pac. 844. Upon the attention of the board of county commissioners being challenged to this defect and the petition being again presented, that board, upon

Fisher v. Davis.

the same petition, ordered another election. At this election the bond proposition again carried. After the last election an action was brought in the district court of Stafford county by S. J. Kachelman against the rural high-school board, the plaintiffs in this action, to enjoin the issuance of the bonds. That action was tried and judgment rendered in favor of the defendants. An appeal was then filed in this court. That appeal was afterward withdrawn and another notice of appeal was served. The last appeal was filed July 10, 1916.

1. The first question for determination is: Did the board of county commissioners have authority to order a second election? Section 2 of chapter 311 of the Laws of 1915 in part reads:

"Whenever a petition, signed by two-fifths of the legal electors residing in the territory of the proposed rural high school district, to be determined by an enumeration taken for this purpose, shall be presented to the board of county commissioners of the county in which lies the greatest portion of territory comprising said district, reciting the boundaries of said proposed district and requesting said board of county commissioners to call a special election to vote on establishing and locating a rural high school and to vote bonds for the construction of a high-school building, the proposed location and the amount of the bonds proposed to be stated in the petition, it shall be the duty of the board of county commissioners forthwith to call a special election in said proposed district to vote on establishing and locating a rural high school and to vote bonds therefor. . . . Such election shall not be called oftener than once in every two years unless by the petition of more than one-half the legal voters of said district presented to the proper county commissioners."

When a proper petition is filed under this statute it becomes the duty of the board of county commissioners to call a special election to vote on establishing and locating a rural high school and to vote bonds for the construction of a high-school building. That petition is effective until the requirements of the statute have been complied with. The requirements of the statute are not complied with until a valid election is held. In the present case the first election to vote bonds was invalid. The petition was still effective. When the attention of the board of county commissioners was challenged to the defective election, that board had authority, without a new petition being presented, to call a special election to vote bonds for the construction of a high-school build-

ing. For this reason the board of county commissioners was acting under the law when the second election was ordered. The last part of the statute quoted applies when a valid election has been held and not before that time. The defendant cites *Cowles v. School District,* 88 Kan. 603, 129 Pac. 176, in support of his contention. The decision in that case does not apply here for the reason that the act based on the petition was valid and the petition had accomplished its purpose.

2. What effect does the appeal of S. J. Kachelman have on the present action? The only question to be determined in the Kachelman case is the authority of the county commissioners to call the second election on the petition presented to the board. That question is disposed of. The present case is properly before this court and is ready for final determination. It should be determined irrespective of Kachelman's appeal. The fact that the appeal is pending is not a sufficient excuse to warrant the auditor in refusing to register the bonds. He should register the bonds upon the legality of the proceedings, and not refuse to register them because of an action to restrain the issuance of the bonds on grounds that are not tenable under the law.

A peremptory writ of mandamus will be issued.