[No. 2214, July 2, 1919.]

## ALDRICH, County Treasurer, v. GALLUP STATE BANK.

### SYLLABUS BY THE COURT.

Where a special election is held for the purpose of voting upon the question of the issuance of bonds, and notice of election is not given as required by statute, and a full participation of the voters in the election does not appear, bonds issued as a result of such election are invalid where they have not passed into the hands of innocent purchasers, and the successful bidder at the sale of the bonds cannot be required to accept and pay for the same.

Appeal from District Court, McKinley County; Herbert F. Raynolds, Judge.

Suit by S. E. Aldrich, Treasurer of McKinley county, N. M., against the Gallup State Bank, a corporation. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with instructions.

H. C. DENNY, of Gallup, and WILSON & WALTON, of Silver City, for appellant.

A. T. HANNETT, of Gallup, amicus curiæ, on behalf of Board of Education.

### OPINION OF THE COURT.

ROBERTS, J. On April 17, 1917, an election was held in the municipal school district of the town of Gallup for the purpose of voting upon the question of the issuance of bonds in the amount of $50,000, for the purpose of constructing a school building in said municipal school district. There were 101 votes cast in favor of the issuance of such bonds and 24 votes against the proposition. Subsequent to the election, proceedings were had which led to the advertisement by the county treasurer of McKinley county, S. E. Aldrich, for the sale of the bonds, at which sale the Gallup State Bank, appellant here, was the successful bidder. By the terms of the bid the bank agreed to take and pay a stipulated price for the bonds, providing they were in all respects in compliance with law. Thereafter the bank refused to accept and pay for the bonds, basing its refusal upon the ground that the election upon the question had not been held in compliance with law and that the bonds were therefore invalid.

Suit was instituted by the county treasurer for the purpose of compelling the bank to accept and pay for the bonds. The trial court held that the bonds were valid and entered judgment requiring the bank to comply with its contract. To review this judgment the bank prosecutes this appeal.

The attorney for the board of education filed a brief in this court as amicus curiæ, in which he states certain questions of practice for the consideration of the court, but they will be brushed aside, as it is important to all parties concerned that the question of the validity of the bonds now in controversy should be speedily settled.

The only important question in this case and upon which the validity of the bonds must be impeached or sustained is as to whether proper notice of the election was given. At the time the election was held there were more than 1,000 legal voters within the school district, and only 125 participated in the election. The election in question was not held at the time of the regular city election. Notice was given by posting notices in five or six public places within the town and by publication in two issues of one weekly newspaper. Three weekly newspapers were at that time published in the town of Gallup; no daily newspapers being published therein.

As pointed out in the case of Board of Education v. Citizens' National Bank, 23 N. M. 205, 167 Pac. 715, § 1977, Code 1915, regulates the manner and time of giving notice of elections in such cases. As the matter was fully discussed in the case referred to, nothing further need be here said as to the various sections of the statute involved. The statute requires the publication of the notice, where no daily newspaper is published, in two issues of two weekly newspapers, if there are such newspapers published within the election district. Hence the question here is, the notice of the election only being published in one newspaper, and the statute requiring publication in two, does the failure in this regard invalidate the bonds? Some courts hold that statutes providing for notices of election are merely directory, and in case it is made to appear that the voters had actual notice of the election, or that they attended the polls and participated in the election in such numbers as important elections are usually attended by the voters, the election will be held valid unless it is made to appear affirmatively that sufficient voters remained away from

the polls, for want of proper notice, to change the result of the election had they voted in the negative; but this question is not here for consideration, for it is evident that only about one-tenth of the voters entitled to participate in the election in question attended the polls. Some courts hold that the statute providing for notice of an election, where the time of the election is not fixed by statute, must be strictly complied with or the election held will be void, regardless of the number of voters participating in the election. Marsden v. Harlocker, 48 Or. 91, 85 Pac. 328, 120 Am. St. Rep. 786; State ex rel. Comaughton v. Staley, 90 Kan. 624, 135 Pac. 602; State ex rel. Anderson v. Port of Tillamook, 62 Or. 332, 124 Pac. 637, Ann. Cas. 1914C, 483; Whorton v. Bager, 36 S. D. 167, 153 N. W. 961; 9 R. C. L. p. 991. And see notes to the cases of Marsden v. Harlocker, 120 Am. St. Rep. 794; State v. Salt Lake City, 18 Ann. Cas. 1137, and Patton v. Watkins, 90 Am. St. Rep. 46.

Under either view of the law the bonds in question in this case are invalid. Hence we conclude that where a special election is held for the purpose of voting upon the question of the issuance of bonds, and notice of election is not given as required by statute, and a full participation of the voters in the election does not appear, bonds issued as a result of such election are invalid where they have not passed into the hands of innocent purchasers, and the successful bidder at the sale of the bonds cannot be required to accept and pay for the same.

For the reasons stated, the judgment of the district court will be reversed and the cause remanded, with instructions to enter judgment for the appellant; and it is so ordered.

PARKER, C. J., concurs.

RAYNOLDS, J., having heard the case in the court below, did not participate in this opinion.