No. 45,779

CLARENCE LAMBERT, HARRY DANNENBERG, WILLIAM M. BARRY and WILLIAM E. LONG, et al., *Appellants*, v. UNIFIED SCHOOL DISTRICT No. 237, SMITH and OSBORNE COUNTIES, KANSAS, et al., *Appellees.*

(461 P. 2d 744)

Opinion filed December 6, 1969.

*Robert Osborn,* of Stockton, argued the cause, and *Lloyd C. Bloomer,* of Osborne, was with him on the brief for the appellants.

*James D. Waugh,* of Topeka, argued the cause, and *James R. Fetters,* of Smith Center, was with him on the brief for the appellees.

The opinion of the court was delivered by

HARMAN, C.: This is a class action brought by certain taxpayers residing in Unified School District No. 237 to enjoin issuance of general obligation bonds of the district authorized at a special election. After a hearing the trial court denied injunctive relief and plaintiffs have appealed.

Appellants question the validity of the election proceedings upon several grounds. We examine first that asserted to be the most serious—defective publication notice of the election.

The facts upon this issue are not in dispute. Unified School District No. 237 is comprised largely of territory located in Smith county but it includes a small amount of territory in Osborne county. It desired to issue general obligation bonds of the district in an amount not to exceed $1,501,018 with which to provide sites, buildings and equipment for school purposes. The Smith County

Pioneer is a newspaper of general circulation in the entire district. A notice of a special election to be held November 5, 1968, to vote on the school bond issue was published in the Smith County Pioneer on the 10th, 17th and 24th days of October, 1968. On October 18, 1968, the state superintendent of public instruction issued an order transferring territory from Unified School District No. 237 to Unified School District No. 392 and also transferring territory from District 392 to District 237. The order specifically stated the transfer of territory for election purposes and for determining tax liability for bonds issued was to be effective October 18, 1968. This action was taken pursuant to K. S. A. 1968 Supp. 72-7103 and 72-7103a. The special election was held November 5, 1968, and the bonds were authorized by a vote of 1080 to 1062. Nine qualified electors lived in the area which was transferred into the district by the October 18, 1968, order. Four of these electors voted in the bond election.

Appellants urge that by reason of the transfers of territory and consequent changing of the district's boundary the notice was defective because, after the boundary change, it was not published at least twenty-one days prior to the election.

The applicable statute is K. S. A. 1968 Supp. 25-2018 (*f*) which in pertinent part provides:

"Notice of any question submitted election of any school district shall be made by one publication by the county election officer in a newspaper of general circulation in the school district once each week for three (3) consecutive weeks, the first publication to be not less than twenty-one (21) days prior to such election."

Here the district's boundary was changed the day following the second publication of the notice. The result was, after the district was reconstituted, a single publication instead of three, and that did not occur twenty-one days prior to the election. Stated another way, unless the first two publications be held valid and effective, less than twenty-one days elapsed between the publication and the time the election was held.

Appellees argue the statute was complied with because it requires only that a notice of the election be *published* in a certain form and manner and the requirements as to contents and manner of publication were met. They contend in effect the irregularity did not affect the informative quality of the notice. Appellees also urge application of the rule that in challenging an election it must be

shown the irregularities complained of would have changed the result of the election.

Although we are aware of no authority precisely in point on the question at issue, this court has always held that publication of a notice prescribed by statute is a condition precedent to a school district election authorizing the issuance of bonds.

In *State, ex rel., v. Staley,* 90 Kan. 624, 135 Pac. 602, this court stated:

"This court has quite uniformly held that a failure to give the notice required by the statute authorizing a special election will render the proceedings void. In none of the decided cases has it ever been held that the number of electors participating or the decisive character of the vote polled affected the validity of a special election, if the notice given failed to comply with the requirements of the statute." (p. 627.)

A strict rule as to notice provisions has always been applied to special elections when the power of taxation is to be exercised. One of our leading cases on sufficiency of publication notice in school bond elections is *Baugh v. Rural High School District,* 185 Kan. 123, 340 P. 2d 891. It was there stated:

"The statutory provisions for notice of a special election are mandatory rather than directory, and failure to comply with such mandatory provisions renders the election void." (Syl. ¶ 3.)

In *State v. Bently,* 80 Kan. 227, 101 Pac. 1073, a statute authorized establishment of a school district under certain conditions which included publication of a notice for a particular length of time. Publication of the notice was commenced prior to the effective date of the enabling statute. This court held the notice ineffective, saying its publication for the required length of time after the statute took effect was a condition precedent to the establishment of the school.

The purpose of K. S. A. 1968 Supp. 25-2018 (*f*), of course, is to require that notice be given to the electors. But the statute is concerned with more than mere efficaciousness of a notice published in one issue of a newspaper. It also requires the notice be published for a particular length of time—not less than twenty-one days prior to the election. A similar statute was the subject of the appeal in *Baugh* and there it was held strict compliance as to the length of time of the publication notice was mandatory. A notice published one day less than the time prescribed by statute was ruled fatally defective.

Appellants contend that when boundary changes in a district are made the electors are thereafter entitled to the twenty-one days' notice required by the statute, arguing they are entitled to know the size, valuation and physical needs of the particular district in order to formulate a judgment whether to support or oppose the bond proposition. Certainly the statute does establish a particular period for decision making and reflection before the elector casts his ballot.

Although a school district is a continuing body, the particular land embraced within its confines at any given time, both as to size and character, undeniably can be a factor in the process of making decisions as to expenditures. Property brought into the district and that transferred out are affected taxwise by the result of a bond election. Other considerations could exist. The crucial time is the election date, not some date prior to boundary changes and the district affected is the one existing on election day.

In the case at bar the transfer of property and the consequent change of boundary may have been of little or no significance in the election. But, if a small amount of territory may be transferred during the time a publication notice is running, why could not a larger amount likewise be transferred without publishing new notice? The question arises, If transfers are to be ignored, where should the line be drawn? We think the intent and purpose of the statute, and the only safe rule as well, is that territorial changes are not to be ignored and when a boundary of a school district is changed, notice of a bond election, to be effective, must be published after the change for not less than twenty-one days prior to such election, and we so hold.

The result is the notice given here was ineffective and invalid, consequently nullifying the election and requiring reversal of the judgment appealed from. In view of the conclusion already reached, and the nature of the other alleged irregularities complained of, we deem further discussion unnecessary.

The judgment is reversed with directions to enter judgment for appellants.

APPROVED BY THE COURT.