(990 P.2d 1238)
No. 82,628

CONRAD REED, WILLIAM ENGELHARDT, AND LLOYD E. THEIMER, Residents of Unified School District No. 315, Thomas County, Kansas, *Appellants,*

v.

ROSALIE SEEMAN, Thomas County Clerk and Election Officer, UNIFIED SCHOOL DISTRICT No. 315, THOMAS COUNTY, KANSAS, AND RAWLINS COUNTY, KANSAS, *Appellees.*

—

Opinion filed October 15, 1999.

*Allen Shelton*, of Shelton Law Firm, P.A., of Oberlin, and *Tony A. Potter*, of Hill City, for appellants.

*Laurence A. Taylor*, county attorney, for appellee Rosalie Seeman.

*John D. Gatz*, of Starkey & Gatz, of Colby, for appellees U.S.D. No. 315, Thomas County, Kansas, and Rawlins County, Kansas.

Before RULON, P.J., ELLIOTT, J., AND JOHN W. WHITE, District Judge, assigned.

RULON, J.: Plaintiffs Conrad Reed, William Engelhardt, and Lloyd E. Theimer, residents of Unified School District No. 315 (U.S.D. 315), appeal the district court's order granting the defendants summary judgment. We affirm in part and reverse in part.

The U.S.D. 315 Board of Education passed tax levy resolution No. 97-1215 on December 15, 1997. The resolution was published in The Colby Free Press on Thursday, December 18, 1997, and Monday, December 22, 1997. Plaintiffs circulated petitions in opposition to tax levy resolution No. 97-1215 and filed the signed petitions with the Thomas County Clerk and Election Officer, defendant Rosalie Seeman. Defendant Seeman notified plaintiffs the petitions contained enough signatures to submit the resolution to a vote. Subsequently, defendant Seeman notified plaintiffs that the petitions were invalid because such were not submitted to the Thomas County Attorney for review prior to circulation pursuant to K.S.A. 25-3601.

Plaintiffs filed suit, claiming, *inter alia*, the petitions in opposition to the tax levy resolution were valid under K.S.A. 72-8801 and the publication of the tax levy resolution by the school board was void. The district court granted defendants summary judgment on both issues and plaintiffs appeal.

Plaintiffs argue the district court erred in finding that the publication of tax levy resolution No. 97-1215 by the school board was sufficient and in compliance with Kansas law. K.S.A. 72-8801 provides in part: "The [capital outlay levy] resolution shall be published once a week for two consecutive weeks in a newspaper having general circulation in the school district." Further, K.S.A. 72-8813 states: "To the extent that the provisions of any other law conflict with this act [the Capital Outlay Levy Act], the provisions

of this act shall control." However, plaintiffs contend K.S.A. 64-102 must be read in conjunction with K.S.A. 72-8801 in order to determine the meaning of "once a week for two consecutive weeks."

K.S.A. 64-102 provides:

"All legal publications and notices of whatever kind or character that may by law be required to be published a certain number of weeks or days shall be . . . legally published when they have been published once each week in a newspaper which is published at least once each week, such publication to be made on any day of the week upon which the paper is published: *Provided*, That *successive publications of the same notice shall be made on the same day of the week* except that when there is no issue of the newspaper published on such day that it may be made on the preceding or following day . . . ." (Emphasis added.)

K.S.A. 64-102 does not conflict with the provision for publication found in K.S.A. 72-8801, but merely defines what the legislature meant by "published once a week for two consecutive weeks," and the statutes must be read together and harmonized. See *State ex rel. Tomasic v. Unified Gov. of Wyandotte Co./Kansas City*, 264 Kan. 293, 311, 955 P.2d 1136 (1998). Defendants contend *Masheter v. Vining*, 198 Kan. 691, 426 P.2d 149 (1967), stands for the proposition that K.S.A. 64-102 is not applicable because a procedure for giving notice is provided in the specific statute, K.S.A. 72-8801. However, the *Masheter* court did not address the specific issue at hand and did not specify in its holding whether the notice given was sufficient because it was published on two consecutive Fridays or because it was published at least 7 days apart. Therefore, *Masheter* provides little guidance.

Even if K.S.A. 64-102 is not applicable here based on *Masheter*, defendants still failed to comply with K.S.A. 72-8801. Publication notices must be published once in each period of 7 days. A week consists of 7 consecutive days and, therefore, publishing a notice twice within a period of 4 days does not constitute "once a week for two consecutive weeks." See *Wilson v. Northwestern Mut. Life Ins. Co.*, 65 F. 38 (8th C.C.A. 1894). The purpose of this statutory requirement is to give the full interval between the first notice and the adoption of the resolution. See *Schaeffer v. Anne Arundel County*, 338 Md. 75, 86, 656 A.2d 751 (1995).

We conclude the publication of the tax levy resolution by the school board failed to meet the requirements of K.S.A. 72-8801 and, therefore, is null and void. See *Lambert v. Unified School District*, 204 Kan. 381, 383, 461 P.2d 744 (1969).

Next, plaintiffs assert the district court erred in finding the petitions in opposition to the tax resolution were invalid because plaintiffs failed to obtain the opinion of the Thomas County Attorney regarding the legality of the question presented in the petitions, under K.S.A. 25-3601.

K.S.A. 25-3601 provides:

"When . . . a petition is required or authorized as a part of the procedure applicable to . . . any . . . school district . . ., the provisions of this act shall apply, except as is otherwise *specifically provided* in the statute providing for such petition. . . . Before any petition . . . is circulated, a copy thereof containing the question to be submitted shall be filed in the office of the county attorney . . . ." (Emphasis added.)

Plaintiffs argue that K.S.A. 72-8801 governs the issue and K.S.A. 25-3601 does not apply. However, 72-8801 does not specifically provide for any type of review of the petition by the county attorney and, therefore, that provision contained in K.S.A. 25-3601 is applicable. Further, K.S.A. 72-8801 and K.S.A. 25-3601 do not conflict and should be read together. See *Unified Gov. of Wyandotte Co./Kansas City*, 264 Kan. at 311.

We conclude K.S.A. 25-3601 is applicable and the petitions in opposition to the tax levy resolution were invalid for failure to submit such to the county attorney prior to circulation.

Affirmed in part and reversed in part.