### C. D. CRANE, *et al.*, v. J. E. STONE.

SHERIFF; *Liability for Escapes, in Civil Actions.* The provisions of the civil code, (sections 164, 165,) making the sheriff liable as *bail* for an escape, have not wholly abolished the common-law action for an escape; and therefore, where the sheriff has voluntarily permitted the escape of a person held by him, on mesne process in a civil action, an action may be prosecuted against such sheriff by the party injured for the actual damages sustained by such party, although the action in which the party escaping was arrested has never been prosecuted to final judgment.

*Error from Montgomery District Court.*

ACTION by *C. D. Crane, H. D. Crane,* and *A. J. Wightman,* as partners, against *Stone,* for permitting a person in his custody as sheriff, on civil process, to escape. The petition is as follows:

(*Title.*) "The plaintiffs, partners as 'Crane & Wightman,' complain of J. E. Stone, defendant, and allege that at the time of the issuing of the order of arrest and of the escape hereafter mentioned the said defendant was the sheriff of the county of Montgomery in this state; that on the 24th of June 1872, A. Wharton and H. A. Baker were indebted to

the plaintiffs in the sum of $408.67, and interest thereon from February 13th 1872; that on said 24th of June the said plaintiffs commenced an action in the district court of said county of Montgomery to recover said sum and interest, and costs, and on the 25th of said June summons in said cause was duly served on the said A. Wharton, one of the defendants in said action; that on said 24th of June the said A. J. Wightman, one of the said plaintiffs, did then and there in the office of the clerk of the district court of said county of Montgomery file his affidavit, and procure an order of arrest to be issued in said action by the clerk of said court, addressed to the sheriff of said county of Montgomery, (they the said plaintiffs having filed with the clerk of said court an undertaking as required by law, conditioned and in the sum of $1,000, with good and sufficient surety,) and caused the said order of arrest to be delivered, together with a copy of the said affidavit, to the defendant herein, then sheriff as aforesaid, and which said order of arrest required the said sheriff to arrest the bodies of the said Wharton and Baker, or either of them, and hold him or them to bail in the sum of $900, and to make due return of said writ and proceedings thereon on the 5th of July 1872, with any undertaking of bail which the said Wharton and Baker, or either of them, may have given; that thereafter, and before the said 5th of July 1872, the defendant Stone, under and by virtue of said order of arrest, arrested the said Wharton in his body, and as such sheriff then had the said Wharton in his custody at the suit of said plaintiffs in the action aforesaid; that in violation of his duty as such sheriff, the said defendant, to-wit, on the 27th of June 1872, without the license or consent of the plaintiffs, or either of them, permitted said Wharton to escape, and without any default or neglect on the part of said plaintiffs voluntarily suffered and permitted the said Wharton to go at large out of the custody of said defendant, sheriff aforesaid, the said claim against the said Wharton and Baker then and still being wholly unpaid to the plaintiffs: whereby the said plaintiffs have been greatly damaged, and have lost their said claim against said Wharton and Baker, the said Wharton having absconded, and gone beyond the jurisdiction of this court, with all his moneys, goods, and effects, to the damage of the said plaintiffs in the sum of $408.67, and interest from February 13th 1872, debt, and costs paid in the sum of $26.75 June 18th 1873.

"Wherefore the plaintiffs demand judgment against the defendant for the sum of $435.42, and interest on the sum of $408.67 from February 13th 1872, and interest on the sum of $26.75 from June 18th 1873, and the costs of this suit."

To this petition *Stone* demurred, "for that the said petition does not state facts sufficient to constitute a cause of action." The district court, at the December Term 1873, sustained the demurrer, dismissed the petition, and gave judgment in favor of *Stone* for costs. The plaintiffs appeal, and bring the case here on error.

*Mason & Parkinson*, for plaintiffs:

The plaintiffs in this case elected to sue as at common law, instead of bringing said suit under the code against the sheriff, as bail, and as such the petition does state facts sufficient to constitute a cause of action against defendant. The civil code, by abolishing all forms of pleading, has not affected the liability of a sheriff for an escape. The rule of damages should be the amount of the debt in such case and the interest: 1 Estee's Pl. & Prac. 356; *Smith v. Knapp*, 30 N. Y. 581; 23 Howe Prac. 129; 1 Allen, 350; 2 Hilliard on Torts, ch. 31, § 7.

*J. D. McCue*, for defendant:

The only question is, whether the common-law remedy for an escape is abolished by our code. If it is, the order sustaining the demurrer was proper. We maintain that all proceedings of arrest and bail are statutory, and all rights of action, whether against the defendant arrested, his bail, (if any be given,) or against the officer making the arrest, are governed by the statute; and until the liability of the officer is fixed, as provided in §§ 164 and 165 of the code, no right of action has accrued. By the express terms of the code, the liability of the sheriff for an escape, either upon mesne or final process, is that of bail, and it "shall be the amount of the judgment, interest and costs." But the return of "not found" upon an execution against the body, is a prerequisite to the

right to maintain this action. Is there any other liability? We think not. The plaintiffs cite the case of *Smith v. Knapp*, 30 N. Y. 581. A fair examination of that case, with the subsequent doubts expressed by the same court, will show that it is not an authority in this case. It is true, that the same question was presented in that case as in this, and decided in favor of the common-law liability. But the decision was placed upon the ground that the right of action was presumed by a section of their statute of limitations, which reads: "SEC. 94. Within one year, an action against a sheriff or other officer, for an escape of a prisoner arrested or imprisoned on civil process," (Wait's Code, 105.) We have no such statute in this state; and the recognition of the right of action being based upon the statute we have cited, and the action in 30 N. Y. maintained upon it, and it alone, the case cannot be considered an authority. But the position assumed by the court in *Smith v. Knapp* is very much shaken by the doubts expressed by Ingraham, J., in *Metcalf v. Stryker*, 31 N. Y. 257. He says, "whether the statutory liability imposed by the code in these cases, does not take the place of the action for an escape from mesne process, admits of some doubts."

We think there can be no doubt in this state. Sec. 147 of our code provides that arrests can be made in the manner prescribed by the code, *and not otherwise*. This negative clause we think applies to all proceedings under that article, and applies to the action against officers, as well as against the bail.

The opinion of the court was delivered by

VALENTINE, J.: This was an action against J. E. Stone, sheriff of Montgomery county, for voluntarily permitting the escape of a party held by him on mesne process in a civil action. The defendant demurred to the plaintiffs' petition on the ground that it did not state facts sufficient to constitute a cause of action. The court below sustained the demurrer, and the plaintiffs now bring the case to this court.

We are at a loss to know why it is supposed that the petition below is insufficient; and the defendant has taken no trouble to inform us, either by brief, or oral argument. The petition seems to state a good cause of action at common law, or at least we have discovered no good reason why it does not do so. We have given the subject however but very little critical examination, as we do not consider it to be our duty to assist either party by laboriously hunting for weak places in the other party's case. The petition however does not seem to state a good cause of action against the sheriff, as *bail*, under §§ 164 and 165 of the code. (Gen. Stat. 659.) This is probably the reason why it is supposed that the petition does not state any cause of action against the sheriff. We think however that the only other facts needed, in addition to those already stated, to make the petition a good petition under the code, as well as at common law, are the following: The petition does not allege that the original case in which the party escaping was arrested was ever prosecuted to final judgment, or that such party had failed to "render himself amenable to the process of the court" on such judgment, (Code, § 159,) or that an execution issued on such judgment against the body of such party had ever been returned "not found." (Code, § 165.) Now as the petition in this case states a good cause of action at common law, and not a good cause of action under the code, the only question involved in the case is, whether the common-law action in any form still survives. We think it does. While it has no doubt been modified to some extent by our laws and institutions, yet we do not think that it has been wholly abolished. (*Smith v. Knapp*, 30 N. Y. 581.) According to the weight of authority we think the damages recoverable in the two actions are different. In the common-law action, as it now exists, only the actual damages sustained can be recovered; while in the action given by the code the plaintiff may recover as damages the amount of the judgment rendered in the original case, with interest and costs. (Code, § 165.) The common-law action, as it now exists, is analo-

gous to the old common-law action on the case for an escape. The action under the code for an escape, is analogous to the old action of debt under the English statutes for an escape.

With these views it follows that the judgment of the court below must be reversed. The cause will therefore be remanded to the court below with the order that the demurrer to the petition be overruled, and for further proceedings. Judgment reversed.

All the Justices concurring.