HENRY HUPE, *Appellant*, v. GEORGE SOMMER, *Appellee.*

No. 17,919.

### SYLLABUS BY THE COURT.

1. PUBLIC OFFICER — *Contract for Labor — Personal Liability.* The language used by a public officer in making a contract in that capacity is not to be construed as imposing a personal liability upon him unless an intention to that effect is clearly shown.

2. —— *Same.* Where a public officer, in entering into a contract in that capacity, promises to make payment immediately upon the completion of the work, he incurs no personal liability (at least in the absence of fraud), although the statute

36—88 KAN.

provides that the contractor shall receive his pay from another source and after some delay.

3. ———— *Same.* A public officer who refuses to perform a duty, without the performance of which a just claim against the public can not be paid, is personally liable in damages to the claimant, but only to the extent of the actual loss occasioned by such refusal.

4. ———— *Measure of Damages.* The measure of damages in such a case, where the ultimate collection of the claim has not been defeated, would ordinarily be the interest on the amount for the time payment has been delayed.

5. ———— *Damages—Injunction—No Defense.* In an action to enforce such liability the fact that the performance of the duty in question has been enjoined by a court of competent jurisdiction is not a defense, where the claimant was not a party to the proceeding, or where the ground of the injunction was the failure of the officer to proceed in a proper manner.

Appeal from Pottawatomie district court. Opinion filed January 11, 1913. Reversed.

*Maurice Murphy,* of St. Marys, for the appellant.

*E. M. Brunner,* of Wamego, *A. E. Crane, E. D. Woodburn,* and *F. T. Woodburn,* all of Holton, for the appellee.

The opinion of the court was delivered by

MASON, J.: Henry Hupe sued George Sommer, alleging that the defendant, as township trustee, had contracted with him for the building of a drainage ditch. He sought to hold the defendant personally liable for his pay. An answer and reply were filed. Upon the case being called for trial the defendant objected to the introduction of any evidence on the ground that the petition failed to state a cause of action. The objection was sustained and judgment was rendered against the plaintiff, from which he appeals.

A township trustee under the statute has authority to "establish" a drainage ditch. (Gen. Stat. 1909, §§ 2968-2981.) When one has been established, that is,

when he has determined where it shall be located, he divides it into sections and fixes a time within which the work upon each section may be done by some person whom he designates—obviously the person found to be justly chargeable with its cost, the evident purpose being to have the ditch built, so far as possible, by the persons interested. (§ 2972.) If any section is not completed within the time set, he "sells" it to the lowest bidder. (§ 2979.) That is, he lets contracts for the completion of the ditch. Upon the letting of a contract he immediately certifies the amount of the bid, with other costs, to the county clerk, who is required to enter it upon the tax roll against the person to whom it has been apportioned. As soon as the work is finished to his satisfaction the trustee also certifies the amount due the contractor to the county clerk, who draws an order for its payment "out of the county treasury." At any time before the charge is entered upon the tax roll the person liable may pay the amount to the trustee, who pays it to the contractor. (§ 2980.) The section preceding that just cited concludes with the words: "Such trustee shall make a fair and just estimate of the amount of costs made in all such proceedings, to be paid by each person interested in such proposed ditch, drain, or watercourse, and collect the same as hereinafter provided, and pay out the same in conformity with such estimates." (§ 2979.)

The petition alleges in substance that the defendant promised that the plaintiff should receive his pay from him as soon as the work was completed. This allegation is not sufficient to charge personal liability upon the defendant, for the petition recites that the incomplete sections of the ditch were sold to the plaintiff—meaning that the contract for their completion was let to him—"according to law"; and the pleadings show explicitly that the plaintiff is relying upon the provisions of the statute referred to. The contract was made with the defendant in his official capacity.

The language used by him can not be construed as imposing a personal liability unless an intention to bind himself clearly appears. (29 Cyc. 1446; Mechem's Public Offices and Officers, §§ 805, 806; Note, 15 L. R. A. 509; Note, 22 Am. St. Rep. 508, 510.) His promise to pay the defendant when the work was completed must be interpreted as an assurance that the public body which he represented—in this instance the county—would be a prompt paymaster. In a sense the representation was justified, since the county becomes indebted to the contractor upon the filing of a certificate of the completion of the work, unless payment has already been made by the landowner to the trustee, in which case the trustee pays the contractor. The provision of the statute that the trustee shall collect the costs, made in such proceedings, "as hereinafter provided," and pay them out to the persons entitled thereto, means merely that he shall perform the duties specifically laid upon him in that connection. But if the trustee, acting officially, went too far and exceeded his authority by promising immediate payment, this did not make him personally liable (at least in the absence of fraud), for the plaintiff could not have been deceived, having the same means of information and knowing from the statute how payment was to be made. (29 Cyc. 1446, 1447; Martin v. Schuermeyer, [Okla. 1912] 121 Pac. 248.) In the opinion in the case last cited it was said:

"The law is that an officer contracting on behalf of a public corporation, and intending to so contract, is not personally liable on his contract, where he has been guilty of no fraud or misrepresentation, and where the person with whom he contracts has the same means of knowing the extent of his authority as he has, though he exceeds his authority, and for that reason does not bind the corporation." (p. 249.)

The petition also alleges that the defendant failed and refused to proceed as the law provides for the collection of the money and the payment of the plain-

tiff, and failed and refused to put in operation the machinery provided by law for the collection of the taxes and moneys. These allegations, liberally construed, must be taken to charge that the defendant had wrongfully refused to certify to the county clerk the amount of the bid, upon its acceptance, and that he had later wrongfully refused to certify to the clerk that the work under the contract had been completed to his satisfaction and that thereby the amount had become due to the contractor. The statute places upon the trustee the duty of performing these acts. As the contractor is the person most directly interested in their performance the duty is one owed to him. If the defendant without sufficient excuse refused to perform them he inflicted a wrong upon the plaintiff, and should be liable for whatever loss was thereby occasioned.

Where one contracting with a city is to be paid only out of the proceeds of a special tax against the property benefited, and the officers refuse to make the levy, the city becomes immediately liable to the contractor for the full amount out of its general fund. (*City of Leavenworth v. Mills et al.,* 6 Kan. 288; *Heller v. City of Garden City,* 58 Kan. 263, 48 Pac. 841; Note, 32 L. R. A., n. s., 163; 2 Dillon on Municipal Corporations, 5th ed., § 827.) This liability is not based merely on the theory that the city has done the contractor a wrong and must compensate him for his loss thereby occasioned; it is also founded upon the proposition that the city is primarily liable to the contractor and can pay him and reimburse itself through a levy of the special tax. The same reason does not exist for holding the delinquent officers personally liable for the full amount. A public officer who refuses to perform a duty, without the performance of which a just claim against the public can not be paid, is personally liable to the claimant to the extent of his injury, but the measure of damages in such a case has been a matter of considerable discussion and difference of opinion.

In *Clark v. Miller*, 54 N. Y. 528, a town supervisor was sued for a refusal to perform the duty of presenting to the county board the plaintiff's claim for damages reassessed for the laying out of a road through his land. The grounds of the decision were thus stated:

"The defendant is answerable for the whole amount which, by his refusal to perform his duty, the plaintiff has been unable to obtain. The law will not limit his recovery to anything less than the amount of the reassessment; for such a limit would drive him to a succession of actions, in none of which could he, if the defendant's position is correct, recover more than interest. It can not be assumed that the defendant would be taught by the result of one action and proceed to do his duty, and thus avoid another. The plaintiff is not thus to be put off. The defendant's misconduct has deprived him of obtaining his money, and the defendant must answer to the whole injury which he has occasioned." (p. 535.)

Of this doctrine it has been said:

"This rigorous severity is exceptional and based on considerations of policy to insure the active diligence of such officers; it is in fact punitive in its nature and object." (1 Sutherland on Damages, 3d ed., § 160.)

In *Dow v. Humbert et al.*, 91 U. S. 294, the authorities on the subject are reviewed and the conclusion is reached that the plaintiff's recovery in an action of the class referred to should be limited to compensation for such loss as he has actually suffered from the defendant's neglect of duty. This we think the better rule in reason as well as upon authority. (See, also, *Crane v. Stone*, 15 Kan. 94, 98; *Amy v. The Supervisors*, 78 U. S. 136; *Newark Savings Institution v. Panhorst*, 7 Biss. 99; Mechem's Public Offices and Officers, §§ 784, 785; 2 Sedgwick on Damages, 9th ed., § 545.)

In the present case a recovery is asked for the full amount of the claim and no specific grounds of damage are alleged. However, the petition, in view of the only method by which its sufficiency was tested, must be

construed with great liberality. If its allegations are true it necessarily follows that the plaintiff has at least been unnecessarily delayed in the collection of his claim. He can not recover interest during this time from the county, for the statute does not so provide. (*Jackson County v. Kaul*, 77 Kan. 717, 96 Pac. 45.) He has therefore stated a cause of action for the recovery of interest at the legal rate from the time he would have received payment if the defendant had complied with the statute.

In his answer the defendant alleges that he certified to the county clerk the amount for which the contract had been let, and that it was entered upon the tax roll; that thereafter he and the county treasurer were by decree of the district court permanently enjoined from collecting the tax. The plaintiff replies with a general denial, admitting the injunction, but stating that he was not a party to the action in which it was granted, and that the ground of it was that the defendant had not proceeded in the matter "as by law provided." If the defendant owed to the plaintiff a duty to take the initial step in a proceeding to levy a tax, he was not relieved of it merely by an injunction in an action to which the plaintiff was not a party. (*A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.*, 12 Kan. 127.) The allowance of the injunction is not conclusive evidence against the contractor that facts existed preventing the collection of the tax; and if the injunction was rightful, because the trustee had omitted some duty he owed to the contractor, it could not be available to him as a defense.

In the plaintiff's brief it is said that if any one is liable to the defendant it is the county—that the county's liability does not depend upon the collection of the tax. This is doubtless true. The statute says that upon the filing of the certificate of the amount due the contractor the county clerk shall draw an order for its payment out of the county treasury. The payment is

not made contingent upon the collection of the tax, but the liability of the county does not attach until the statute has been complied with. Upon the letting of the contract the amount is certified to the county clerk, who at once places it upon the tax roll. When the work is completed a second certificate is filed showing that the amount of the bid has become due to the contractor. Then an order is drawn for its payment by the county. While the collection of the tax is not a condition precedent to the payment, its levy seems to be. At all events, before the contractor can be paid the trustee must in effect certify that the work has been completed to his satisfaction. The petition alleges that this was not done. Without it the plaintiff could collect nothing from the county. The injunction does not appear to have forbidden it. The petition alleges in substance that the plaintiff was entitled to payment from the county, which he could collect only upon the filing of a certificate which the defendant in violation of his duty refused to make. These allegations are not modified by the reply. They are sufficient, if proved, to entitle the plaintiff to recover any damage he has sustained.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.