No. 20,208.

THE TOPEKA BRIDGE & IRON COMPANY, *Plaintiff*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LABETTE, *Defendant*.

### SYLLABUS BY THE COURT.

BRIDGE CONTRACT—*Repudiation of Contract by County—Mandamus a Proper Remedy.* The plaintiff contracted with the board of county commissioners to erect a bridge over a stream. The contract provided that the board of county commissioners would close the site of the bridge against traffic and would put the plaintiff in possession of the site for the purpose of building the bridge. Before performance the board of county commissioners undertook to repudiate the contract on the ground of illegality. *Held,* mandamus is a proper remedy.

Original proceeding in mandamus. Opinion filed January 8, 1916. Motion for judgment on the pleadings overruled.

*D. W. Mulvane, C. E. Gault,* and *D. R. Hite,* all of Topeka, for the plaintiff.

*S. M. Brewster,* attorney-general, *S. N. Hawkes,* assistant attorney-general, and *E. W. Columbia,* county attorney, for the defendant.

The opinion of the court was delivered by

BURCH, J.: The action is one of mandamus to compel the defendant to carry out a contract for the erection of a reinforced concrete bridge, which contract the defendant has undertaken to repudiate. No motion to quash the alternative writ was filed and the defendant answered. The answer, however, contains paragraphs alleging that the court is without jurisdiction, that the alternative writ does not contain facts sufficient to warrant its issuance, and that the plaintiff has an adequate remedy at law. The defendant moves for judgment on these allegations.

The court has jurisdiction to entertain actions of mandamus, and the question is whether or not its power to issue the writ should be exercised in the present instance.

It is said that the alternative writ does not state sufficient facts because there is nothing which the defendant may be commanded to do. The contract requires the defendant to close the site of the bridge against traffic and to give the plaintiff possession of the site for the purpose of building the bridge. This the defendant may be commanded to do now. Otherwise the plaintiff would incur liability for obstructing the highway and creating a nuisance to public travel.

The remedy by action at law for damages for breach of the contract is not fairly adequate. The profit to accrue to the plaintiff from building the bridge can not be definitely ascertained in advance of performance and the plaintiff is entitled to be placed in possession of the right secured to it by the contract.

The motion for judgment in favor of the defendant is overruled.

Some formal issues of fact are made by the pleadings. The real dispute between the parties, however, relates to the validity of the contract, the defendant contending that the plans upon which bids were invited were not sufficient to secure competitive bidding and consequently that the contract was entered into contrary to law. While the ultimate question is one of law, the defendant desires to aid the court in its solution by

presenting some testimony elucidating the subject of rein-
forced concrete bridge construction. Leave is granted both
parties to make a succinct showing relating to this subject,
in connection with the proof of such facts as can not be covered
by stipulation. In default of agreement the court will pre-
scribe conditions as to time and method of taking testimony.