No. 21,248.

THE EBERHARDT CONSTRUCTION COMPANY, *Plaintiff*, V. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SEDGWICK, *Defendant*.

SYLLABUS BY THE COURT.

1. COUNTY BUILDING—*Contract Let—Bonds Illegal—Contract Repudiated by County—Mandamus.* Where public officers who have entered into a contract in that capacity refuse to recognize its obligations solely by reason of a mistaken view of a pure question of law, their compliance with it may be enforced by mandamus; but it does not follow that where the controlling body of a municipality, in the exercise of its judgment as to public policy, sees fit to refuse to proceed with a contract, preferring to answer in damages, it can be held to specific performance by a writ of mandamus.

2. BOND ELECTION—*Building County Jail—Statutory Notice Required.* The statute requiring the notice of a special election to vote bonds for the erection of a county jail to be published in a newspaper "for" thirty days before the time set, is not complied with where the notice is omitted from the last issue of the paper prior to the date named.

3. SAME. The fact that the election was held upon the same day as the state primary does not alter its character as a special election.

4. SAME. The failure to publish the notice of such an election for the full period required by the statute renders the election void.

5. COUNTY BUILDING—*Bonds—Election—Power of County Board.* The county board has no power to provide for the erection of a jail without a vote of the people, and a contract made 'under color of an election held without the required notice having been given is unenforceable.

6. BOND ELECTION—*Validity—Finding of County Commissioners.* The rule that ordinarily the finding of a public body as to the steps taken preliminary to its action is conclusive does not apply to the situation stated.

7. BUILDING CONTRACT — *When Specific Performance Will Not be Enforced.* A county can not be required to carry out such a contract on the ground of estoppel resulting from the dealings of the commissioners with the contractor, for the reason that the rights of the public are involved.

Original proceeding in mandamus. Opinion filed April 7, 1917. Writ denied.

*C. W. Burch, B. I. Litowich, LaRue Royce,* all of Salina, *Fred Stanley, Claud Stanley,* and *B. F. Hegler,* all of Wichita, for the plaintiff.

*Ross McCormick,* county attorney, *S. B. Amidon, D. M. Dale,* and *S. A. Buckland,* all of Wichita, for the defendant.

The opinion of the court was delivered by

MASON, J.: In June, 1916, the commissioners of Sedgwick county decided that it was desirable to build a jail at a cost of $120,000. An election was held at which a majority of those voting declared in favor of issuing bonds for the purpose. In September a contract was entered into with the Eberhardt Construction Company for the building of the jail. Work under the contract was begun by purchasing material and equipment, a part of which was placed upon the ground. Two of the commissioners were succeeded by newly elected officers in January, and in that month the board notified the company that it had canceled the contract, adding that this was done upon the opinion of the county attorney that the election referred to and the acts taken in reliance thereon were without authority of law. The company seeks by mandamus to require the board to carry out the contract. An alternative writ has been issued, and the defendants have filed an answer presenting the contention that even if the contract were valid its performance could not be enforced by mandamus, and that it is void because of a defect in the publication of the notice of the election. The case is submitted upon a motion for judgment on the pleadings.

1. Upon the question of procedure the defendants rely upon a line of decisions to the effect that a municipality will not be compelled by mandamus to perform specifically its ordinary business contracts. (26 Cyc. 291; *State v. Mortensen,* 69 Neb. 376.) The plaintiff relies chiefly upon a recent decision of this court in which the contractor was permitted to test the validity of a contract for the building of a bridge by mandamus against the county board for its enforcement. (*Bridge & Iron Co. v. Labette County,* 97 Kan. 142, 154 Pac. 230, 98 Kan. 292, 158 Pac. 8.) It was said in the opinion in that case that the remedy by an action for damages was not fairly adequate—that the profit to accrue to the plaintiff from the building of the bridge could not be definitely ascertained in advance of performance. The specific relief there sought was to require the defendants to close the site of the bridge against

traffic and to give the plaintiff possession of the site for the purpose of building the bridge. The principle applicable to that situation has been thus stated:

"Where under the terms of a contract entered into by a municipality and its contractor for the performance of such work it is provided, or necessarily implied, that the municipality shall do and perform certain things essential to the performance of such work under the contract, and as preliminary thereto, if the municipality refuse, it may be compelled by mandamus." (2 Bailey on Habeas Corpus, § 262, p. 1098.)

Where a valid contract has been entered into for the making of a public improvement in pursuance of a vote of the people, officials charged with a ministerial duty in that connection may be compelled to act in conformity thereto by mandamus at the instance of any one having a substantial interest in the matter. The circumstance that the persons whose action is sought to be controlled constitute the governing body of the municipality concerned does not render them immune from being required to perform a positive duty which is laid upon them by virtue of their office, and which involves no exercise of discretion. Where they seek to justify nonaction on their part solely by a reason which is founded upon a doubtful conception of their legal obligations—where the controversy grows out of a dispute over a pure question of law, an authoritative answer to which will necessarily end the matter—the practice in this state is to permit the issue to be determined in mandamus, although in some jurisdictions the interpretation of a statute by executive officers will not be interfered with by courts in that manner. It does not follow that where the controlling body of a public corporation, in the exercise of its judgment as to governmental policy, sees fit to refuse to proceed with a contract to which it has committed itself, preferring to answer in damages for any resulting loss to the contractor rather than to carry out a course which it has determined not to be for the best interests of the community, it can be compelled to perform specifically its engagements by a writ of mandamus. It will be assumed, without deciding, that the present case falls within the class to which mandamus is applicable.

2. The statute requires that a notice of an election to vote upon the question of issuing bonds to cover the cost of a county building shall be published in the official paper "for not less

than thirty days preceding the day such special election is to be held." (Gen. Stat. 1915, § 2553.) Here the election was held on August 1, 1916. The notice was published in the official paper (a weekly) in the issues of June 30, July 7, July 14 and July 21, but not in the issue of July 28. The language of the statute, requiring a publication to be made in a paper *"for"* a given number of days before an event, is held to mean that the publication must run *during* the entire period—be continuous from a time that far in advance until the date named, and therefore, although the first publication is made sufficiently early, the omission of the notice in the last issue of the paper before the event is to take place results in a failure to meet the legal requirement. (*McCurdy v. Baker*, 11 Kan. 111.)

3. The fact that the election was set upon the day of the holding of the state primary did not alter its status as a special election, held at a time selected by the commissioners, as distinguished from a general election, held at a time designated by the statute. (Note, 90 Am. St. Rep. 69-70.)

4. The failure to publish the notice of a special election for the full time required by law is a fatal defect, rendering the election void and preventing the lawful issuance of bonds which depend upon it for their validity. (*The State, ex rel., v. Staley*, 90 Kan. 624, 135 Pac. 602, and cases there cited; *School District v. Davis*, 98 Kan. 200, 157 Pac. 844.) Formal defects in a published notice of an election, which do not diminish its efficiency in giving information by which the action of voters may be affected, are not necessarily fatal. (*Railroad Co. v. Scott County*, 82 Kan. 795, 109 Pac. 684; *City of Perry v. Davis*, 97 Kan. 369, 154 Pac. 1127.) But, as was pointed out in *The State, ex rel., v. Staley*, just cited, the omission of the notice from one issue of the paper in which the law required it to be inserted might possibly have deprived some voters of an opportunity to take part in the election, and thereby have influenced the result.

5. The county board had no power to provide for the erection of a permanent building without a vote of the people. (Gen. Stat. 1915, § 2552; *The State, ex rel., v. Comm'rs of Marion Co.*, 21 Kan. 419.) The contract which it undertook

to make with the plaintiff was therefore in excess of its legal authority and unenforceable.

6. The plaintiff seeks to avoid the effect of these considerations by invoking the principle by which it is held that where the action of a public body depends upon authorization by prior proceedings its finding as to the result of such preliminary steps, made in good faith, is conclusive. (*The State, ex rel., v. Holcomb*, 95 Kan. 660, 149 Pac. 684; *Stevenson v. Shawnee County*, 98 Kan. 671, 159 Pac. 5.) The cases cited involve the ascertainment of facts concerning which there might be some room for a difference of opinion. The time for which a notice has been published in a newspaper is a subject which admits of exact knowledge and absolute proof, and a finding contrary to the fact can not be made the basis of official power. That the publication of the notice of an election to vote bonds for the full period prescribed by the statute is a jurisdictional prerequisite to their issue is too firmly established by prior decisions of this court to be regarded as an open question. It has been held that a failure to publish the notice of a sheriff's sale for the prescribed time is a mere irregularity which does not render the sale void. (*Rounsaville v. Hazen*, 33 Kan. 71, 5 Pac. 422.) But in that situation no question of jurisdiction is involved. The confirmation of the sale is a judicial decree, not open to collateral attack except for fraud. (*Capital Bank v. Huntoon*, 35 Kan. 577, 11 Pac. 369; 17 Cyc. 1267.) A subsequent showing that the notice of sale had been omitted altogether would not avoid the effect of the confirmation. (2 Freeman on Executions, 3d ed., § 286, p. 1657; Herman on Executions, § 342, p. 515.)

7. It is also suggested that as the board was acting within the scope of its apparent authority, under color of an election presumably held according to law, for the regularity of which the commissioners themselves vouched, the plaintiff was justified in assuming that all the necessary steps had been duly taken, was not required to make a minute examination of the proceedings, and should be protected in its rights under the contract which it entered into in good faith in reliance on the action of the board. This reasoning, if sound, would in effect allow the board by indirection to exer-

cise a power denied it by the statute—to accomplish a result which the law expressly forbids. The limitation on the power of the board is for the protection of the taxpayers, and acts done by the commissioners in excess of their legal power can not work an estoppel against the public so as to require the performance of an executory contract entered into without authority, or to require recognition of the obligations of such a contract after its partial execution, beyond making compensation for benefits actually received. (10 R. C. L. 707.) See, in this connection, *Ritchie v. City of Wichita*, 99 Kan. 663, 163 Pac. 176. We do not regard the situation as one for the application of the principle by which the recital in municipal bonds that the acts on which the right to issue them depends have been duly performed is held to be conclusive against the municipality after they have passed into the hands of an innocent purchaser. That rule results from an application of a doctrine peculiar to negotiable instruments. The question whether the county should now be compelled to abide by the contract is very different from the question whether it should be compelled to pay for benefits it had received if the contract had already been carried out.

The writ is denied.