No. 22,271.

THE EBERHARDT CONSTRUCTION COMPANY, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF SEDGWICK COUNTY, S. B. KERNAN et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. PUBLIC OFFICIAL—*Neglect to Perform Official Duty—Liability for Damages Resulting from Nonperformance.* The neglect of a public officer to perform a public duty can constitute an individual wrong only when some person can show that the performance thereof involved a duty owing to himself as an individual and that by reason of its nonperformance he has suffered a special and peculiar injury.

2. COUNTY BUILDING—*Illegal Contract Let—Partial Performance—Liability of County Board and Individual Members Thereof for Damages.* Previous to the making of a contact between a construction company and the board of county commissioners for the erection of a county jail, the board was required to give notice by publication for the calling of a special election and failed to give the proper notice and the election was void. *Held,* neither the board nor the individual members thereof owed any duty to a prospective bidder for the work contemplated in the event the taxpayers authorized the letting of the contract.

3. SAME.—*Petition Fails to State Cause of Action Against County Board or the Individual Members Thereof for Damages.* In an action by a construction company against a board of county commissioners and the individual members of the board to recover for labor in excavating for the erection of a county jail and for the cost of stone dressed and cut according to plans and specifications of a contract which was void (*Construction Co. v. Sedgwick County*, 100 Kan. 394, 164 Pac. 281) because of the failure of the board to publish for the full period required by the statute the notice of the special election authorizing the board to act, *held,*

(*a*) That the petition fails to show that the county derived or retained any benefits from the part performance of the contract by the plaintiff;

(b) That the petition fails to state a cause of action against the individual members of the board, because the construction company had no more interest in the performance of the duty neglected by the board at the time it should have been performed than had any other individual, citizen, or corporation.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed March 6, 1920. Affirmed.

*C. W. Burch, B. I. Litowich, LaRue Royce,* all of Salina, and *Fred Stanley,* of Wichita, for the appellant.

*S. B. Amidon, S. A. Buckland, H. W. Hart,* and *Glenn Porter,* all of Wichita, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The Eberhardt Construction Company brought this action to recover for labor and material furnished in excavating for the building of a county jail and for stone cut especially for the building. The court sustained a demurrer to the petition, and the construction company brings the case here for review.

In many respects the case is a sequel to the case of *Construction Co. v. Sedgwick County,* 100 Kan. 394, 164 Pac. 281.

In June, 1916, the board of county commissioners, then composed of S. B. Kernan, J. T. Hessell and C. W. Simmons, adopted a resolution declaring the necessity for the building of a county jail. An election was held and a majority of those voting declared in favor of issuing bonds for the purpose. In December, 1916, the contract was let to the construction company, hereinafter called the appellant, for building the jail; and some equipment and material were purchased, a part of which was placed on the ground. In January, 1917, two members of the board, Hessell and Kernan, were succeeded by F. J. Jorgensen and Walter Henrion. On January 22 the appellant was notified by the board that it had declared the contract void upon the advice of the county attorney. The appellant then brought proceedings in mandamus in this court to require the board to carry out the contract. (*Construction Co. v. Sedgwick County,* 100 Kan. 394, 164 Pac. 281.) It was held in that case that because of the failure to publish the notice of the

bond election for the full period required by the statute, the election was void, and that the board had no power to provide for the erection of a jail without a vote of the people; that the contract entered into under color of such an election is unenforceable. It was further held that the county could not be required to carry out the contract "on the ground of estoppel resulting from the dealings of the commissioners with the contractor, for the reason that the rights of the public are involved." (Syl. ¶ 7.)

In the present action the appellant seeks to recover from the county the value of labor performed and material furnished under the contract, and for additional damages against the individuals who were county commissioners, on the ground that as ministerial officers they entered into a contract which they were prohibited by law from making, and that on account of the contract and such misfeasance upon their part appellant was damaged. The items included in the claim for damages are the cost of excavation of the basement for the jail, $496.55; the stone cut especially for the building, and delivered to the county, in the sum of $2,387.73; and the further sum of $560.10 for expenses incurred in attempting to carry out the contract.

1. Can the action be maintained against the board of county commissioners for labor performed and material furnished in attempting to carry out the contract? It does not seem to be contended that either the excavation made by the appellant or the cut stone has been or can be used by the county for any purpose whatever. Authorities are not wanting that where under a void contract the municipality has received and enjoyed the benefit of something of value, it cannot escape its liability on a *quantum meruit* to the full extent to which it has been benefited by the partial performance of the contract. Thus, in *Ritchie v. City of Wichita*, 99 Kan. 663, 163 Pac. 176, the city was held liable for work actually done under direction of the city officers, because the work was adopted and used by the city. In that case, the city officials made a finding that a petition to pave a street had been signed by a sufficient number of abutting property owners and adopted the resolution to pave the street, and afterwards let the contract pursuant to the resolution. In an action to recover compensation for the work actually done under the contract, it was held that the

Construction Co. v. Sedgwick County.

city was estopped to deny the sufficiency of the petition under which it let the contract, notwithstanding a permanent injunction was afterwards granted at the suit of certain property owners enjoining the improvement. A large part of the work performed under the contract by the plaintiffs in that case was accepted and used by the city. Afterwards on new proceedings another contract for another kind of paving was let to another contractor on different specifications, which required the filling in of part of the excavations made by the plaintiffs under the original contract, and some of the concrete laid by the plaintiffs was partly below and partly above the grade specified by the new contract. In the action the city denied its liability and alleged that the proceedings leading up to the letting of the first contract were void. It was held that plaintiffs were entitled to recover for the work which they actually did according to the specifications, no more; that the city was liable for the work done which the city actually adopted and used, and also liable for the work done which was up to the standard of specifications and which was destroyed for no other reason than that the city changed its specifications and determined to lay another kind of paving. It was said in the opinion:

"It is only by a somewhat vigorous interposition of equitable principles that any relief whatever can be accorded in a situation like the case at bar." (p. 670.)

There was no want of power on the part of the city to proceed if it had regularly exercised its power to award the paving contract. In the present case, in former litigation upon the same state of facts, it has been decided that the board was without any power to award the contract, and that the contract itself was illegal and void. In the opinion in that case it was said:

"It is also suggested that as the board was acting within the scope of its apparent authority, under color of an election presumably held according to law, for the regularity of which the commissioners themselves vouched, the plaintiff was justified in assuming that all the necessary steps had been duly taken, was not required to make a minute examination of the proceedings, and should be protected in its rights under the contract which it entered into in good faith in reliance on the action of the board. This reasoning, if sound, would in effect allow the board by indirection to exercise a power denied it by the statute—to

accomplish a result which the law expressly forbids. The limitation on the power of the board is for the protection of the taxpayers, and acts done by the commissioners in excess of their legal power can not work an estoppel against the public so as to require the performance of an executory contract entered into without authority, or to require recognition of the obligations of such a contract after its partial execution, beyond making compensation for benefits actually received." (p. 398.)

The appellant cites the case of *Brown v. City of Atchison,* 39 Kan. 37, 17 Pac. 465. We do not regard that case as in point, for the reason that there the plaintiff fully performed its contract and the city had received and enjoyed the benefit of a portion of the void contract. The city had authority to refund its bonded indebtedness, but was without authority to issue refunding bonds to a greater extent than 60 cents on the dollar. it was held that the contract was entered into in good faith; was not immoral, inequitable or unjust, and being partially performed by one of the parties, the city having received benefits by reason of such performance over and above any equivalent rendered in return, it was required to do equity and to account to the other party for the benefits it received. There is no analogy between the two cases because, so far as the petition in this case shows, the county has derived no benefit from the labor performed and material furnished under the void contract. In attempting to bring itself within the doctrine of *Ritchie v. City of Wichita,* and *Brown v. City of Atchison,* supra, the appellant urges that—

"The basement was excavated according to the plans and specifications furnished by the appellee, the board of county commissioners. The manner in which the same was done was never complained of. The county had the basement. It is for its benefit. . . . It had the stone to use. The county of Sedgwick has the benefit of the labor and material furnished by appellant."

The inferences drawn from the facts set forth in the petition are that the excavation is a mere hole in the ground, which the county has neither adopted nor used; and that the stone cut expressly under plans and specifications, long since abandoned and never possessing any force or vitality, has likewise not been adopted or used by the county.

The petition shows that all the facts with respect to the calling of the election and the adoption of the resolution and the letting of the contract were matters of record. The appel-

Construction Co. v. Sedgwick County.

lant was bound by the record, and it was its duty to know whether the board of county commissioners had power to act. In *Salt Creek Township v. Bridge Co.*, 51 Kan. 520, 33 Pac. 303, it was said:

"Those dealing with a township must see to it that its officers have power to act, if all the facts appear upon the face of the records of the township." (Syl. ¶ 4.)

In the mandamus case involving the facts in the present case, it was said:

"The time for which a notice has been published in a newspaper is a subject which admits of exact knowledge and absolute proof, and a finding contrary to the fact cannot be made the basis of official power." (*Construction Co. v. Sedgwick County*, 100 Kan. 394, 398.)

We hold, therefore, that the petition states no cause of action against the county.

2. The petition makes a number of charges respecting the conduct of the individual members of the board. Among these are that the several members represented to appellant that the board had duly executed and issued the bonds; pretended to duly accept the terms for the sale of the bonds; approved the bond presented by appellant for the faithful discharge of the contract on its part, and in order to induce appellant to proceed with the construction, pretended to pass and cause to be entered a resolution reciting the proceedings leading up to the issuance of the bonds and the letting of the contract; and that "all of the matters and things" contained in the resolution adopted by the board "were then verbally represented" to appellant by the board and the several members thereof, for the purpose of inducing it to immediately order and purchase material, and procure labor. It is alleged that in violation of their official duties the board and the several members thereof "did not cause said notice of said special election . . . to be published for the time provided by law," and that long prior to the letting of the contract several members had been duly advised by the auditor of state that he would not register the bonds and that the election was void because the notice had not been published for the time provided by law; that all of these facts "said board of county commissioners and the several members thereof knew at the time it made the verbal representations to plaintiff

hereinbefore set forth"; and that the appellant, without any knowledge or information of the facts, or of any defect or want of authority on the part of the board or the several members thereof, proceeded with the contract, "believing the recitals of the journals of its (board) proceedings to be true, and relying thereon." It is further alleged that except for the representations, acts and conduct of the appellees and the recitals of the journals in their proceedings, appellant would not have incurred any of the costs or damages, and therefore it asks damages against the individuals.

The individual members, acting as a board, were required to give notice by publication for the calling of the election. The board failed to give the proper notice and the election was void, but the duty it owed in this respect was not to the appellant; it was to the public alone. Neither the board nor the individual members owed any duty whatever to a prospective bidder for the work contemplated in the event the taxpayers authorized the letting of the contract. The appellant cites the following text from 29 Cyc. 1442:

"In the case of duties not owed solely to the public, officers are liable for misfeasance, malfeasance, or nonfeasance in the performance of a ministerial duty where such misfeasance, malfeasance or nonfeasance results in damage to an individual to whom a duty is owing."

The principle does not apply to the present case, for two reasons: *First,* because the alleged damages resulted to an individual or corporation to whom neither the board nor the individual members owed any duty; *second,* in the same paragraph from which appellant takes the above excerpt, it is said:

"A public officer, who is a member of a corporate body upon which a duty rests, cannot be held liable for the neglect of duty of that body. If there be refusal to exercise the power of such body, it is the refusal of the body, and not of the individuals composing it." (29 Cyc. 1443.)

This portion of the text is taken from the syllabus in *Monnier v. Godbold,* 116 La. 165, reported with notes in 5 L. R. A., n. s., 463.

Appellant cites other cases in support of the doctrine that—

"Where a duty is imposed on an officer by statute . . . *an individual to whom the duty is owing* and who is injured by its negligent nonperformance has a right of action against the officer." (Italics ours.) (*Smith v. Zimmer et al.,* 45 Mont. 282, 125 Pac. 420, syl. ¶ 6.)

As already observed, the duty which the county board failed to perform was one not owing by it to any individual. The ap-

pellant had no more interest in the performance of that duty at the time it should have been performed than any other individual, citizen, or corporation.

The cases upon which the appellant is forced to rely relate to some office requiring the performance of duties which specially concern individuals, and only indirectly concern the public. An instance is *Hupe v. Sommer*, 88 Kan. 561, 129 Pac. 136, where a township trustee who had contracted for the building of a drainage ditch and whose duty it was as soon as the work was finished to his satisfaction to certify the amount due the contractor to the county clerk, who would draw an order for its payment out of the county treasury, arbitrarily refused to certify the amount. It was held that the contractor to whom he owed the duty could maintain an action against him to recover the loss occasioned by his failure to perform. It was a ministerial duty which the defendant could have been compelled by mandamus to perform. It specially concerned the plaintiff, and only indirectly concerned the public.

Another familiar instance is where the register of deeds neglects properly to record an instrument, which chiefly concerns the parties thereto. He is liable to an individual who sustains damages by reason of the failure to perform the duty, such as in the case cited by the appellant, *Rising and Isaacs v. Dickinson*, 18 N. D. 478, reported with notes in 23 L. R. A., n. s., 127.

In 2 Cooley on Torts, 3d ed., *446, it is said:

"Now, no man can have any ground for a private action until some duty owing to him has been neglected; and if the officer owed him no duty, no foundation can exist upon which to support his action. . . . The rule of official responsibility, then, appears to be this: That if the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages. 'The failure of a public officer to perform a public duty can constitute an individual wrong only when some person can show that in the public duty was involved also a duty to himself as an individual, and that he has suffered a special and peculiar injury by reason of its nonperformance.'"

27—106 KAN.

(See, also, Throop on Public Officers, § 708.)

The averment in the petition that the individual members of the board knew and concealed from appellant the fact that the state auditor refused to register the bonds and had expressed the opinion that the election was void, did not show that the election was void. In declining to register bonds on the ground that some provision of the law has not been followed, the state auditor acts upon his own judgment or the opinion of the attorney-general. Sometimes he is right, and sometimes he is wrong. Conceding, for the purposes of the argument, that if the appellant had known of the auditor's action, it would have declined to make a bid or to enter into a contract with the county, the petition shows that all the facts in respect to the proceedings were matters of record, and it was the appellant's duty to know before entering into a contract with the board whether the board had power to act. Ordinarily, before an issue of the bonds of a county or municipal corporation can be negotiated, the record of the proceedings leading up to the issuance of the bonds must be carefully examined by the proposed purchaser, or an attorney in his behalf. The appellant was just as much interested in ascertaining whether the proceedings authorizing the board to act were in compliance with the law as if he intended to become a purchaser of the bonds in payment for the work. The duty devolved upon the appellant to take notice of the statutory limitations upon the powers of the board, and his failure to make the proper inquiry prevents his recovery, not only from the county, but from the individual members of the board as well.

The judgment is affirmed.